MARGARET A. PERRY v. MINNEAPOLIS STREET-RAILWAY COM-
PANY.[1]

June 29, 1897.

Nos. 10,632—(217).

**New Trial—Refusal of Struck Jury—Repeal of Statute.**

The defendant demanded a struck jury, pursuant to Laws 1895, c. 328. When the cause was called for trial, the court, on motion of the plaintiff, set aside the struck-jury list, and required the defendant to go to trial with a common jury of the regular panel. Subsequently the legislature repealed the struck-jury law. Laws 1897, c. 13. After the repeal of the struck-jury act, the court, on motion of the defendant, granted a new trial solely on the ground that it had erred in setting aside the struck-jury list. *Held* that, assuming that the court had erred in setting aside the struck-jury list, this furnished no ground for granting a new trial, inasmuch as this would merely result in a trial before another common jury, thus doing over again what had been already done.

[1] Reported in 72 N. W. 55.

Appeal by plaintiff from an order of the district court for Hennepin county, Smith, J., granting defendant's motion for a new trial. Reversed.

Charles W. Somerby and John M. Reese, for appellant.

Koon, Whelan & Bennett, for respondent.

MITCHELL, J.

In November, 1896, the defendant demanded a struck jury, pursuant to Laws 1895, c. 328. The jury was struck and summoned, but when the cause was called for trial, on January 29, 1897, the list was, on motion of the plaintiff, set aside, and the defendant required to go to trial before a common jury of the regular panel, which found a verdict for the plaintiff. On March 9, 1897, on motion of the defendant, the trial judge granted a new trial solely on the ground that he had erred in setting aside the struck-jury list. In the meantime the legislature had enacted Laws 1897, c. 13, which took effect February 20, 1897, repealing Laws 1895, c. 328, relating to struck juries.

Assuming, without deciding, that the court below erred in setting aside the struck-jury list, we fail to see how this is any ground for granting a new trial. The act of 1895 having been repealed, no struck jury can now be called. Hence, if a new trial is had, it must be by an impartial and competent common jury. The defendant could not insist upon those who were on the struck-jury list being specially returned on the panel. The result would be that the case would be tried again by another competent jury, of which presumably those on the struck-jury list would not be members, and hence a new trial would only result in doing over again what has been done already. If the act of 1895 still remained in force, so that the defendant might demand another struck jury, the case would be entirely different. But with that law repealed the case is quite analogous to those, in which the books abound, where it has been held that it is no ground for granting a venire de novo that a challenge to the panel or to an individual juror has been sustained on insufficient grounds, unless a party has been thereby deprived of a competent and impartial jury. Thompson, Trials, § 120; State v. Kluseman, 53 Minn. 541, 55 N. W. 741; State v. Smith, 56 Minn. 78, 57 N. W. 325.

We admit that this case is, upon its particular facts, new in instance, but, as we think, not new in principle. The error, if error it was, in setting aside the struck-jury list, was one of those judicial errors which are remediless, and which, in contemplation of law, has done the defendant no injury; certainly none which a new trial would repair. This renders it unnecessary to consider any of the other questions discussed by counsel.

Order granting a new trial reversed.