C. H. ROSSMAN v. C. T. MOFFETT.

January 17, 1899.

Nos. 11,461—(217).

**Trial—Change of Judge during Trial—G. S. 1894, § 4842.**

The words, "except in trial of causes when the trial has already commenced," found in G. S. 1894, § 4842, prohibit, by implication, a change of judges after a trial has commenced in district court, in so far, at least, as material matters are concerned.

**Sickness of Presiding Judge—Charge to Jury.**

The judge who tried this cause was taken sick after the testimony was all in and the closing arguments of counsel had been made, and was unable to personally charge the jury. *Held*, that the jury should have been discharged and a new one impaneled.

Action in the district court for Hennepin county by the receiver of the Fred B. George Stationery Company, an insolvent corporation, to recover $1,000 upon promissory notes. At the trial the proceedings mentioned in the opinion were had. From an order, Elliott, J., denying a motion for a new trial, plaintiff appealed. Reversed.

*W. A. McDowell*, for appellant.

*Wendell Hertig* and *Robert Jamison*, for respondent.

75 M.—19

COLLINS, J.

From the record before us in this action it appears that when the testimony was all in and the arguments of counsel had been made to the jury, April 26, 1898, the court, the late Hon. Seagrave Smith presiding, adjourned until the next day. Sickness prevented Judge Smith from resuming the trial on the following day, and he never returned to his judicial duties. Another judge of the same judicial district excused the jury several times thereafter, ordering them each time to be present on a day certain.

On May 4, the jury being present as ordered, the judge last mentioned read to the jury, from sheets of paper, what purported to be a charge in the case, caused the jury to retire, and afterwards received their verdict. These sheets of paper were handed to the judge, who read this so-called charge, by Judge Smith's official stenographer, with a statement that the matter had been dictated to him by Judge Smith at the latter's residence, had then been written in short hand, had then been typewritten by himself, and afterwards examined and corrected by Judge Smith.

At the outset of these proceedings counsel for plaintiff objected to the same, and to all thereof, and saved these objections by proper exceptions to the rulings thereon. The verdict was for defendant.

Several assignments of error are made and argued, and of these but one need be considered. This has reference to the matters contained in the foregoing statement of facts. G. S. 1894, § 4842, reads as follows:

"In all actions and proceedings now or hereafter pending in any district court of this state, or before any judge thereof, except in trial of causes where the trial has already commenced, where the judge who should be present at any hearing is not so present by reason of sickness or otherwise, any judge of the same judicial district may act in the place of said judge, who is not so present, with the same jurisdiction, power and effect as if such action or proceeding was conducted and acted upon by said absent judge."

The implied prohibition in this section, found in the words, "except in trial of causes where the trial has already commenced," compels us to hold that there was error in not sustaining the objections made by counsel to the action of the judge who read the

purported charge to the jury, sent them out to deliberate upon, and finally received, their verdict.

We are not prepared to say that, in the absence of the judge who has presided over a trial, the language should be so construed as to render it improper for another judge to perform some of the duties of the absentee,—such, for instance, as adjourning the trial, or discharging the jury in case of a disagreement, or because of such absence, or in receiving a verdict,—but it is obvious that the object of the words used in section 4842 is to prevent the substitution of a presiding judge after the trial has commenced, and while any material matters of the trial are under consideration.

But counsel for defendant contends that the charge read was that of Judge Smith, and should be treated as if he had personally delivered it to the jury. This position cannot be indorsed. Even if it had been completely established by legal evidence that, in fact, the contents of the paper read had been prepared under the direction of Judge Smith, as his charge in the case,—and there was no proof of this, nothing but the stenographer's statement,—such procedure could not be countenanced in a court of justice for reasons which readily suggest themselves.

If a judge could prepare his charge at his residence, and send it to be read to the jury, as his charge, it would be immaterial who read it or how it reached them. It could be wired or telephoned, or the services of a phonograph could be brought into requisition, or it might be communicated to the jury through the medium of the newspaper. If such an important feature of the trial as the charge can be transmitted and placed before the jury in any of these ways, no reason exists why rulings upon the trial cannot be communicated to counsel in the same manner. The possibilities in this direction are so great that in time we might have criminals sentenced without the personal appearance of the trial judge.

It cannot be held that this was the charge of Judge Smith. And no one claims it to have been the charge of the judge who read it, and who could not have charged the jury, except by consent of parties, because of the prohibition by implication found in the above-quoted language. As plaintiff refused to consent to a change of

judges upon the trial, the jury should have been discharged, and a new one impaneled.

Order reversed, and a new trial granted.