AUGUST HEINZ and Others v. THOMAS S. BUCKHAM and Another.[1]

June 5, 1908.

Nos. 15,760—(240).

**Judicial Ditch—Notice of Hearing.**

Where, at the first hearing in ditch proceedings under chapter 448, Laws 1907, the court has appointed an engineer and viewers, and required the filing of their respective reports, notice of the second and final hearing must be given and an opportunity afforded to parties interested of supporting by competent evidence valid objections to the laying out of the ditch.

**Rights of Objector.**

At the first hearing in this case the court predetermined questions as to the public utility of the proposed ditch and as to the benefits and damages by use of the reports of a surveyor and viewers appointed in prior proceedings which had been dismissed on their merits, and ordered a three-mile extension of the ditch prayed for. Thereafter it appointed a surveyor and viewers. On the second hearing it excluded evidence offer-

[1] Reported in 116 N. W. 736.

ed by objectors to the establishment of the ditch. It is *held*: (1) This was error. (2) The objectors were not prevented through estoppel or election of remedies from proving their objections. (3) Certiorari lay to present the record for review.

Petition of August Heinz and others for a writ of certiorari to Thomas S. Buckham, district judge, and others. Motion to dismiss writ denied, and cause remanded.

A petition was filed in the district court of Steele county on August 28, 1907, for the establishment of a described judicial ditch in the counties of Waseca and Steele. Notice was given of the first hearing, set for October 14, 1907, requiring objectors to "show cause, if any there be, why said ditch, drain, or watercourse should not be constructed in accordance with said petition." On December 24, 1907, after hearing the evidence, the district court found, inter alia, that said ditch was necessary for the protection of public health, convenience, and welfare of the county, and would be of public utility; that the estimated benefits to be derived from the construction of said work were greater than its total cost, including damages; and that the petitioners were entitled to have the judicial ditch established as described and prayed for in said petition. It was then ordered that the ditch be established as described in the petition, and that there be constructed said ditch, and in addition an extension, about three miles in length, prolonging the ditch described in the petition to Straight river. The court named a surveyor and viewers to perform the duties required by statute of them respectively. The engineers and the viewers so appointed made and filed their respective reports. Subsequently notice of a second hearing on March 30, 1908, was given. At this hearing each of the relators appeared, and filed a claim for damages over and above the amounts awarded by the viewers, and made other objections. On the hearing the court excluded all evidence offered by objectors tending to show that the ditch will not subserve public interests, that the benefits will not exceed the damages, and that a certain lake is a public body of water, not authorized by statute to be drained, on the express theory that the order made on the first hearing finally established the ditch and ordered it to be constructed. On March 31, 1908, the court filed its order affirm-

ing the report of the engineer and of the viewers, estimating the total cost at $52,202, and the total amount of estimated benefits at $101,221, and confirming the established ditch in conformity with the engineer's report. The proceedings were then brought to this court on certiorari by the objectors, who became the relators herein. The respondents moved to dismiss this writ of certiorari.

*J. A. & A. W. Sawyer,* for relators.

*Leach & Reigard,* for respondents.

JAGGARD, J. (after stating the facts as above).

Objection has been made to the sufficiency of the proceedings on trial at the second hearing to present to this court the questions which will be hereinafter considered and to the sufficiency of the motion to dismiss this writ. A liberal construction of the record, including a stipulation by counsel in the trial court, justifies, in accordance with the established appellate practice, the conclusion that the questions hereafter to be considered were fairly presented for determination upon their merits, and that the technical propositions made by both parties do not entitle either to prevail. The relators contend that the court had no authority to establish the ditch or to order its construction on the first hearing; the respondents, that it certainly had such authority. No point is made because the court ordered an extension of the ditch in addition to that described in the original petition. The gist of the controversy is whether at the first hearing, and before the surveyor and viewer had reported, the court had the power to determine that this ditch was of public utility, that the estimated benefits were greater than the cost including damages, and to order that the ditch be established.

The respondents rely on that part of section 3 of chapter 448 of the Laws of 1907 at the bottom of page 645 and the top of page 646, which reads as follows:

"After the service of said notice [of the first hearing] as hereinbefore provided, and proof thereof filed in the office of the clerk of said court, the court shall be deemed to have acquired jurisdiction of all of the parties so served with said notice in said proceedings, and that all subsequent orders made by the court, including assessment for damages, and all other matters in said proceedings, shall be bind-

ing upon the parties so served with said notice, without any further notice whatever in said proceedings, except that subsequent notice of hearing may be given."

If this were the only provision on the subject in this chapter, little doubt could arise as to the correctness of the trial court's conclusion. The chapter must, however, be construed as a whole. There are other sections and parts of sections clearly inconsistent with the letter of the part of section 3 just quoted. Indeed, the part of that same section which immediately follows recognizes a class of cases in which the court may determine that it is necessary to employ an engineer or engineers. In this class of cases, upon the filing of the surveyor's report, or prior thereto, if the judge shall deem it best, he may appoint viewers (section 6). After filing the respective reports of the surveyor and viewers so appointed, the court shall fix a time and place for the second hearing. Ten days' notice shall be given (section 9). At such hearing, if the court shall find that the engineers' and viewers' reports and all other proceedings in the matter accord with the statutory requirements, and that the estimated benefits are greater than the total cost, and that the damages and benefits have been duly awarded and assessed, and that said work will be of public utility, he shall confirm their reports and establish the ditch (section 10). It is obvious that, in a case in which the court at the first hearing has appointed a surveyor and viewers, these findings, at the second hearing, are necessary conditions precedent to the establishment of a ditch. They cannot properly be made until after these appointees have done their work and made their reports. To settle these matters at the first hearing would be to predetermine them without the evidence required by statute to make their finding by the court possible. Nor can such findings be properly made before notice of hearing has been given and opportunity afforded to persons interested to object. The statute expressly so provides; and it is to be noted that at such hearing, not only the engineer, but at least two of the viewers, must be present (section 10).

It is evident from these sections, and it is necessitated by other sections to which it is unnecessary here to refer, that in a class of cases in which the court appoints a surveyor and viewers, the first hearing is merely preliminary, and determines principally that the

court is justified in proceeding further; that the second hearing reviews and considers the merits of the entire matter upon a hearing of the reports of the officials and of the objections presented, and finally establishes the ditch. The ditch law follows the analogy of the preliminary hearing on the resolution of a city council initiating a local improvement and the final hearing after the report of the board or body authorized to investigate and report the details of the proposed improvement. Chicago Ry. Co. v. Lemonweir (Wis.) 115 N. W. 825, tends to support this view. Respondent refers us to Alstad v. Sim, 15 N. D. 629, 109 N. W. 66 (a case of collateral attack), and to Sim v. Rosholt (N. D.) 112 N. W. 50, 11 L. R. A. (N. S.) 372 (in which the principal question was as to the effect of the attempted withdrawal of names from a petition and a minor question was one of practice). Neither case inclines us to change the conclusion reached.

It is evident from this cursory examination of the statute that it contemplates at least three classes of cases:

First, at the first hearing, the court may finally establish the ditch, as where the petition alleges that the petitioners will pay all expenses and damages.

Second, at the first hearing, the court may refuse to consider the matter further and deny the petition, where the objections to it are sufficient, in order that unnecessary expense may be avoided.

Third, at the first hearing the objections may not be so clear as to justify a conclusion adverse to the petitioners and the merits are not so certain as to justify the immediate establishment of the ditch. The court may be justified in appointing a surveyor and viewers. In such cases the merits will be determined only after investigation and upon final hearing. It would be culpable lack of prescience for this court to increase the possibility of mistake in finding that benefits assessable equal or exceed damages chargeable. To make the finding of that fact and to order the establishment of the ditch at the first hearing, before the facts had been investigated and objections heard, must tend to result in error. If the question is to be litigated at the second hearing, then the order finally establishing the ditch at the first hearing is idle.

In the present case the petition set forth that "inasmuch as an engineer has been previously appointed and has made a complete sur-

vey of the above-mentioned ditch and a report thereon, and said improvement has been formally abandoned and the proceedings dismissed, it is intended that the engineer appointed herein shall use the engineer's report, survey, stakes, and monuments made in said former proceedings, as far as practicable, or such thereof as may be applicable, and inasmuch as viewers have been previously appointed, and have viewed all said above-described lands and assessed the benefits and damages to said lands and made full reports thereon, and inasmuch as much other work has been done in said matter, of which much will be of use herein, it is intended that all such former surveys, reports, assessments, and work done or made in said former proceedings shall be used herein as far as practicable."

The respondent contends that "the court in this case did not find it necessary to appoint any engineer to make a proper determination of the allegations set forth in said petition, but did find it necessary to appoint a civil engineer to construct and provide for the construction of this thirty miles of ditch." In point of fact, however, the court did appoint a civil engineer "to make the survey, map, and computations provided for by chapter 448 of the general laws of the state of Minnesota of 1907 and perform all the other duties in said act required of such engineer." The court thus determined that the instant case came within that class of cases in which the appointment of an engineer and reviewers was necessary. This conclusion, indeed, was obviously inevitable, in view of the length and nature, and of the extension, of the ditch. The previous survey, in proceedings dismissed upon their merits, could not possibly be a substitute for the survey made under these particular proceedings.

It is true that section 30 of chapter 448 provides that where a complete survey and report has been made by the surveyor in prior proceedings which have been dismissed and the improvement under which has been abandoned, and where, afterwards, proceedings are instituted to accomplish the same or a similar improvement, the engineer (in the later proceeding) shall use the engineer's work (in the former proceeding) as far as practicable. Section 6, however, definitely contemplates the appointment of a subsequent engineer. The original surveyor's work is in aid of, and not a substitute for, the surveyor's report upon which the final order is to be based. In the present case,

moreover, the original survey does not appear to have been made under the present law.

Respondents, however, urge that the finding at the first hearing was proper because if, on the second hearing, it should be shown that the damages exceeded the benefits, the court may dismiss the whole proceedings. The fallacy is obvious. How could the court in this case determine at the second hearing whether the damages exceeded the benefits without reviewing the evidence? In fact, it excluded evidence. Moreover, in this case, at the first hearing, the court ordered about three miles of ditch to be added to the ditch as prayed for. How the equality of the benefits and damages of this extension could have been possibly determined at the first hearing, or how the evidence at the first hearing could possibly have been "sufficient and complete" as to this extension, we are unable to conjecture. To justify the respondent's proposition in this connection would be to justify coming to a conclusion first and hearing the evidence afterward.

It follows that the petitioners, by appearing at the first hearing and not objecting, and by appearing at the second hearing and demanding more damages than were awarded by the viewers, and demanding a jury trial, did not assume a position directly contrary to their assertion of the impropriety of establishing the ditch. They had a right to be heard on the public utility of the ditch as well as upon their damages. No question is raised as to the sufficiency of the notice by which they were brought into court at the second hearing. On the contrary, they appeared generally, admitted jurisdiction in that sense, and defended. The real basis of the objections was that the court had no jurisdiction on the preliminary hearing to establish the ditch finally, and that the court erred in refusing to entertain and hear their objections at the second hearing and in excluding all evidence in support thereof. This position taken by the relators must be sustained. It follows that they had a right to avail themselves of the writ of certiorari to test this question of law upon the record brought to this court.

BROWN, J. (dissenting).

In my opinion the court proceeded properly on the first hearing to determine the question whether the proposed ditch, if constructed,

would be of public benefit and utility, and a retrial of that issue was rightly denied relators on the second hearing. Section 3, c. 448, p. 646, Laws 1907. That question lies at the threshold of the authority of the court to order the ditch, and it should be determined at the first opportunity, to the end that, if resolved against the petitioners, unnecessary expense may be avoided. As I understand the record in this case, the court below determined this question on the first hearing in these proceedings and declined to hear evidence thereon at the second hearing. No evidence was excluded on the second hearing in respect to the damages resulting from the ditch to the owners of adjoining land. The statute referred to confers upon the court power to defer this particular question until the second hearing, whenever in its opinion expedient or necessary; but it is not required to postpone it when the evidence on the first hearing is sufficiently full and complete to enable the court to reach a conclusion. Nor does it follow necessarily, from the fact that the court on the first hearing finds that the ditch will serve the public ends, that it must in any event order the ditch constructed on the final hearing. If on the final hearing it should turn out that the damages exceed the benefits flowing to the property owners, the whole proceeding may be dismissed, notwithstanding the previous finding of public utility.