## STATE EX REL. JOHN S. TOLVERSEN v. DISTRICT COURT FOR JACKSON COUNTY.[1]

November 17, 1916.

Nos. 19,996—(154).

**Judicial ditch — order for survey — certiorari will not lie.**

1. An order directing a survey and appointing an engineer in judicial ditch proceedings under G. S. 1913, c. 44, is not a final determination of any right of persons who might be affected by the establishment of the proposed ditch, and *certiorari* will not lie to review such order in this court.

**Same — amount of bond to defray preliminary expenses.**

2. It is not shown that the bond furnished by the petitioners will prove insufficient in amount. If it should, the district court has power to require a further bond.

Upon the relation of John S. Tolversen the supreme court granted its writ of *certiorari* to review the proceedings in the district court for Jackson county, Quinn, J., in relation to the establishment of Judicial Ditch No. 58 in the counties of Nobles, Murray, Cottonwood and Jackson. Respondent made return and his motion to quash the writ was granted.

*A. J. Daley,* for relator.

*E. H. Nicholas,* for respondent.

BUNN, J.

In March, 1916, a petition for the establishment of Judicial Ditch No. 58, of the counties of Nobles, Murray, Cottonwood and Jackson, was presented to the district court of Jackson county. A bond was filed and approved by the clerk of the court, and an order for a hearing of the petition made. Notice of the time and place of this hearing was given by publication and posting. Relator and certain other owners of lands liable to be affected by and assessed for the ditch filed objections to "any

[1] Reported in 159 N. W. 965.

further proceedings," on numerous grounds, some of a purely technical nature, one alleging that the drainage project, to drain a portion of Heron Lake, was not authorized by the law, and others challenging the constitutionality of the drainage law on various grounds. The petition came on for hearing at the time and place specified in the notices. The court, after the hearing, made an order reciting that it was necessary that a civil engineer be appointed to make a survey of the ditch and report the same to the court, "in order that a proper determination of the matters set forth in such petition may be had," and appointing a civil engineer to make this survey and report. The proceedings in the court below ended with this order, as relator then procured a writ of *certiorari* from this court, thus attempting to review here the order appointing the engineer and the proceedings leading up to that order.

The first question is whether *certiorari* will lie to review this order. If it will not, we should decline to consider the constitutional or other questions sought to be raised, however advisable it may be to have these questions settled.

Is the order appointing an engineer to make a survey and report a final and conclusive adjudication as against relator of any question he seeks to present? That is the ultimate question, as it is elementary that *certiorari* will not lie to review an order that is not final. The legitimate office of the writ of *certiorari* in this state is to review and correct decisions and final determinations of inferior tribunals. The writ of *certiorari* is strictly in the nature of a writ of error to bring up for review the final determination of an inferior tribunal, which, if unreversed, would stand as a final determination of some legal right of the relator. It is not the appropriate remedy to prevent anticipated wrong or injury. It will not lie directly to an intermediate order. Such orders may be reviewed on *certiorari* to the final judgment. 1 Dunnell, Minn. Dig. §§ 1391, 1396, and cases cited.

We are unable to see that the order appointing an engineer is a final adjudication of any question that relator seeks to raise. It does not preclude him from raising all such questions on *certiorari* directed to the final order establishing the ditch, if such order shall be made. The proceedings for this drainage project are under G. S. 1913, c. 44. The preliminary hearing is provided for by sections 5525 and 5554. If the judge

shall be satisfied that the requisite conditions exist and have been complied with he shall, by order, direct a survey of the line of said ditch from its source to its outlet to be made, and shall appoint a competent civil engineer to make the same. If the order directing a survey and appointing an engineer involves a prior determination that the requisite conditions exist and have been complied with, and if these conditions include not only a sufficient petition, publication and posting, and a sufficient bond, but conditions as to the propriety and legality of the project, it is nevertheless clear that such determination is in no way final, does not conclude interested parties from calling in question any and all such determinations on the final hearing or on *certiorari* to the final order if one is made. The provisions as to the final hearing, contained in sections 5532 and 5557, show plainly that the result of the preliminary hearing is in no way final or conclusive on any question. In order to establish the ditch, the judge must find that all prior proceedings have been had and taken in accordance with the statute, and that the work will be of public utility and benefit, or will promote the public health. A reference to the numerous ditch cases in our reports will show that questions as to the legality of the petition, the sufficiency of the service of the notice of the preliminary hearing, and the legality of the project, have been raised and determined on *certiorari* to the order establishing the ditch. We hold that all questions sought to be raised by relator at this time are open to review on the final hearing in the court below, and by this court on *certiorari* to the final order, if one is made, without prejudice from any determination made in the order directing a survey. It follows that the order directing a survey and appointing an engineer is not a final order, does not finally determine any legal right of the relator.

Relator claims that the bond furnished by the petitioners and approved as provided by the statute was insufficient in amount. It is true that a review of this question after an order refusing to establish the ditch, could not be had, and would be profitless, if it could be, but we do not agree that it is shown that the bond will prove insufficient in amount. If it should, we do not doubt the power of the district court, upon a proper application and showing, to direct a further bond to be given.

Writ quashed.