# IN THE MATTER OF JUDICIAL DITCH NUMBER 6, IN FREEBORN COUNTY.[1]

June 15, 1923.

No. 23,344.

**Questions to be decided at first hearing on proposed ditch.**

1. In drainage proceedings under G. S. 1913, § 5526, as amended by chapter 441, Laws 1917, the court or county board as the case may be is required by the amended statute to determine on the first hearing all questions of propriety, practicability and public utility or benefit of the proposed improvement.

**Decision as to such questions reviewable only by certiorari to that order.**

2. The order so made on that hearing, finding the facts stated and establishing the proposed ditch, is final as to such questions, reviewable only by certiorari directed to that particular order.

**Not reviewable by certiorari to final order of confirmation.**

3. It cannot be reviewed on certiorari sued out in review of the final order confirming the proceedings had in laying the ditch in compliance with the first order.

[1]Reported in 194 N. W. 402.

Rule applied when prior proceeding for the same improvement was dismissed.

4. The rule applies to the claim here made that a prior proceeding commenced to effect the same improvement, which was dismissed on the merits, is res judicata and a bar to the present proceeding.

Presumption that trial by outside judge was in accordance with the statute.

5. Where a cause pending in a county of one judicial district is tried by a judge of another district, sitting in place of the resident judge, it will be conclusively presumed, in the absence of an affirmative showing to the contrary, that he was called upon or requested to hear the matter in the manner authorized by statute.

Upon the relation of Carl Hendrickson and others the supreme court granted its writ of certiorari directed to the district court of Freeborn county and Honorable John D. F. Meighen, judge thereof, Honorable E. C. Dean, judge of the Seventeenth judicial district, and Honorable L. S. Nelson, judge of the Thirteenth judicial district, to review the proceedings relating to Judicial Ditch No. 6 in Freeborn county. Affirmed.

*H. H. Dunn* and *Moonan & Moonan*, for relators.

*Bennett O. Knudson* and *William P. Sturtz*, for respondents.

BROWN, C. J.

Certiorari in review of proceedings had in the district court of Freeborn county for the establishment of Judicial Ditch Number 6 of that county.

The proceedings were initiated by proper petition filed with the clerk of the district court on November 26, 1921. Following which, as provided by G. S. 1913, § 5526, as amended by chapter 441, p. 692, Laws 1917, an engineer was duly appointed by the court with directions to examine into the proposed improvement and make report upon the questions of the practicability and utility thereof; proposing or suggesting such changes in the plans outlined by the petition as he deemed essential, and reporting also all pertinent facts necessary to advise the court of the advisability of laying the proposed drain. The report was subsequently made and filed,

whereupon a hearing in the matter was appointed to be held on March 27, 1922; all interested parties being notified as required by the statutes on the subject. At the time so appointed a hearing was duly had, interested parties appeared in person and by counsel, at the conclusion of which the court, as provided by section 5526, as amended, duly made its order embracing all essential elements and finding therein that there was necessity for the proposed improvement, and that the construction thereof would be of public utility and benefit. The engineer in charge was thereby directed to proceed and lay the ditch, and make due survey and report thereof as required by the statutes. The report was duly made and viewers were appointed for the assessment of damages and benefits.

Upon the report of the viewers coming in, a final hearing was appointed to be held on August 14, 1922, notice of which was duly given to interested parties. The parties again appeared personally and by counsel, and, at the conclusion of the hearing, and on September 18, 1922, the court made its order adopting the report of the engineer, confirming the assessment of damages and benefits, and formally declaring the ditch established by the completion of the proceedings so adopted and approved. Certain property owners who appeared in the proceedings in opposition to the improvement thereafter applied to this court, on October 24, 1922, for a writ of certiorari in review of that order. The writ was granted, and thus the cause comes here for review as authorized by statute.

1. In the petition for the writ applicants assigned as error, among other objections to the proceedings below, the refusal of the trial court at the final hearing to admit evidence upon or to consider questions going to the propriety, necessity and public utility of the improvement, all of which counsel urged should be considered at that time. The rulings of the trial court were correct, and the claim of error is not well founded.

Prior to the amendment of the drainage statutes by chapter 441, p. 692, Laws 1917, the practice in such proceedings was the reverse of that here followed, and questions of propriety, necessity and public benefit were all determined on the last or final hearing. Heinz v. Buckham, 104 Minn. 389, 116 N. W. 736. But by that

amendment the procedure was changed. Under the amended act the court or county board, as the case may be, is required on the first or preliminary hearing, as the basis and justification of further action on the petition, to determine all questions of necessity and public interest, and that includes the area and extent of territory to be included in the project, and to find as facts, if justified by the evidence, "that the proposed improvement * * * is practical, that there is necessity therefor, and that it will be a public benefit and promote the public health." If the facts do not warrant such findings, and they are not made, the proceeding, as expressed in the statute, "shall be dismissed." The amendment wholly changed the procedure and for the important reasons stated and adverted to by Justice Dibell in In re Petition of Gibbs, 152 Minn. 352, 354, 188 N. W. 1015. The new procedure relieves a situation sometimes presented under the old practice of going entirely through with the proceedings at great expense, to be confronted at the conclusion by the findings of the court, then made, that the basic or fundamental facts are absent. By the change, those facts, going as they do to the jurisdiction of the court or county board to entertain the proceeding at all, are ascertained at the outset and before large costs and expense have been incurred. It is an orderly procedure and relieves from complications often arising in such projects under the former practice.

That conclusion removes from consideration on this review all questions involving the propriety, necessity and public utility of the proposed ditch. All thereof were decided and determined by the findings and order of the court on the first hearing. That was a final order as respects those questions to be challenged, if deemed erroneous, only by certiorari sued out in review of that particular order. The order cannot be reviewed as here attempted in certiorari to the final order confirming the assessment of damages and benefits and formally declaring the improvement established. The first order becomes immune from attack when not directly challenged within the time prescribed by G. S. 1913, § 8313. It was not here so challenged.

The conclusion stated also removes from consideration the further point made by relators that a prior proceeding initiated for the same drainage improvement, which was dismissed on the merits, is a bar to this proceeding. It is doubtful whether the rule of res judicata, invoked by counsel for relators in support of the point, can have any application to a legislative or administrative proceeding of this character, founded on an exercise of the police power and in behalf of public interests. But we are not at liberty to decide the question, it was embraced within and absorbed by the order of the court on the first hearing, which cannot now be attacked in this collateral way. The second or final hearing in proceedings of the kind involves only questions relating to the details in laying and construction of the ditch, established and authorized by the first order, the assessment of damages and benefits, and the approval or disapproval of the report of the engineer and viewers, in respect to which appeals may be taken as provided by G. S. 1913, § 5534, as amended by chapter 441, p. 692, Laws 1917. Appeal and not certiorari is the remedy in review of questions arising in that branch of the proceedings. Of course where the engineer, after the first order, makes changes in the plans, bringing in new parties, the court must afford them the same right to be heard on the questions of propriety and necessity as was given on the original or first hearing, and an order affecting the rights of the new parties may be reviewed on certiorari as the original order may be reviewed.

This covers the case and all that need be said in disposing of the questions presented. The final hearing was conducted by the judge of the Thirteenth judicial district. The proceedings were pending in Freeborn county in the Tenth judicial district. It is objected that the judge of Thirteenth district was without authority to hear or determine the cause. The point is not sustained. In the absence of an affirmative showing to the contrary it will be conclusively presumed that the judge of the Thirteenth district was called in to hear the matter as authorized by G. S. 1913, § 147.

The further point that the proceedings in this matter should have been stayed until the costs of the prior proceeding had been paid

is not sustained. The court had no jurisdiction to make such an order, and his refusal to do so was without error.

Order affirmed.