[1] Reported in 206 N.W. 457.
The contestant appealed to the district court from a decision of the probate court of Nobles county admitting to probate the will of Daniel Shell. The place of trial was changed to Cottonwood county, and Honorable Albert Johnson of the First judicial district was designated to try the case, and he did so, submitting two issues of fact to a jury, viz: (1) Had the testator mental capacity to make a will? and (2) Was the will, signed by Daniel Shell on April 9, 1919, procured by undue influence exerted by Lee M. Shell, or Helen Shell, or either of them? On November 23, 1923, the jury returned a verdict answering the first question in the affirmative and the second in the negative. At once, on the minutes of the court, contestant moved for a new trial of the issue of undue influence only. The motion was granted February 9, 1924.
Honorable I. M. Olsen of the Ninth judicial district was duly requested to hold the next term of court in Cottonwood county, and when this case on the calendar was reached for trial, contestant objected to any other judge trying the issue than Judge Johnson, since the case was still pending before him, he not having yet made findings on the issues submitted to him. The objection was overruled and an exception taken. The issue of undue influence exerted by Lee M. Shell was by Judge Olsen submitted to a jury, and again answered in the negative. Thereafter on February 11, 1925, Judge Johnson filed his findings and order for judgment to the effect that Daniel Shell duly executed the will in question with all the formalities required for the execution of a valid will, that said Shell was then of sufficient mental capacity to make a will, and that he had thereafter died without revoking the will so made, and as conclusions of law that respondents were entitled to judgment, as far as those issues were concerned, "adjudging and decreeing that the said instrument be admitted and established as the last will and testament of Daniel Shell, deceased. When the remaining issue of undue influence has been determined, and findings of fact and conclusions of law made in relation thereto, let judgment be entered in accordance herewith and in accordance with the findings of fact and conclusions of law as shall be made upon said issue of undue influence." *Page 351 
Soon thereafter Judge Olsen filed findings adopting the verdict of the jury that no undue influence had been exerted by Lee M. Shell, and finding that Helen Shell had not so done (as to her the court having refused to submit the issue to the jury), and also incorporating the findings in full of Judge Johnson, and as conclusions of law directing judgment to be entered affirming the order and decree of the probate court. Judgment was entered accordingly, from which the appeal is taken. There was no motion for a new trial and no settled case, but a bill of exceptions was duly allowed and settled by Judge Olsen which does raise one point of practice, and that only.
It is clear that the attempt to challenge any findings of fact either of Judge Johnson or Judge Olsen must be futile, for the bill of exceptions does not purport to set out any part of the evidence. It simply raises the one question of the propriety of Judge Olsen trying the issue left for trial. There is nothing to the point that Judge Olsen was not properly in charge of the term of court where this case was on the calendar for retrial of the issue of undue influence. In the absence of an affirmative showing to the contrary, it will be presumed that he was requested to preside over said term of court as authorized by G. S. 1923, § 158. In Re Judicial Ditch No. 6,156 Minn. 95, 194 N.W. 402.
There is no direct statutory requirement that no other judge than the judge who first tried the case shall try a separate and distinct issue submitted to a jury in an equity case as to which a retrial has been granted on the coming in of the verdict and before findings have been made. There is an implied prohibition in G. S. 1923, § 177, which reads: "Whenever the judge who should hear any action, motion or proceeding is unable to be present, any other judge of the same judicial district may act in his place, except in the trial of causes already begun before the judge so absent." This statute, however, is in terms not applicable to the judicial district here in question, for it has but one judge. The case of Rossman v. Moffett, 75 Minn. 289, 77 N.W. 960, is cited by appellant, and the court there predicated the decision upon the statute quoted which, of *Page 352 
course, applied to the Fourth judicial district where there were several judges, holding that a verdict could not stand where the judge presiding at the trial was taken ill before the jury were instructed, and, being unable to again go to the court house, prepared his charge in writing which was read to the jury by another judge of the same district. That decision may be said to go the limit in reversing on a technicality where no prejudice was shown; but the inference is that the record did not sufficiently establish the charge read to have been the identical charge prepared by the judge who presided at the trial.
The point of practice raised by the bill of exceptions herein is not one that goes to a constitutional or statutory right, such as the denial of a jury, or to the last argument to a jury, or to the receiving of a sealed verdict in the absence of a jury (Klemmer v. Biersdorf, 137 Minn. 474, 163 N.W. 527). In every such case a denial of the right granted or procedure prescribed is, unless waived, presumed prejudicial. The point involved in this appeal relates merely to procedure in a situation as to which there is no specific statutory direction. Originally in chancery when issues were allowed to be decided by a jury, the same were sent to a law court to be tried, and the verdict reported back to the chancery court. The two courts acting in comity. 10 R.C.L. p. 529. So that in the beginning such a case as the instant one required the taking part of two judges. The necessity of that practice no longer exists, but a reminder may be useful in showing that what took place here in having two judges each try separate issues in the same case is not fundamentally a very serious irregularity. However, we have no hesitancy in saying that the practice pursued should not be followed. It does not simplify procedure, but tends to confusion and complications. We appreciate that Judge Olsen found himself in an embarrassing situation. He was in charge of the calendar, and this case on for the trial of a jury issue. The parties were there with their witnesses prepared for a lengthy trial. Judge Johnson was not available. The jury could not be kept in attendance or called back at an adjourned term except at great public expense. So he *Page 353 
proceeded to try the issue upon which a retrial was granted by Judge Johnson, and the question is whether this irregularity should reverse the judgment.
Where no constitutional or statutory right of a litigant has been denied or violated, irregularity in the procedure or practice should not reverse unless it is shown that prejudice resulted or likely resulted. The irregularity here was simply the substitution of one judge for another in the trial of a simple jury issue. Litigants have not a choice of judges. It is impossible to presume or even surmise that either party could have been prejudiced by the substitution of Judge Olsen for Judge Johnson. Neither was a resident of the judicial district where the trial was had. It cannot be doubted that, had the motion for a new trial of the issue of undue influence been made and granted after Judge Johnson had made his findings, no valid objection could have been urged against Judge Olsen trying the issue ordered retried. It is true, the contestant did not have to wait with the motion until findings were made. Properly enough it was made at once on the coming in of the verdict. But no substantial legal prejudice or advantage on the merits of the issue tried can be claimed by either party from the fact that the motion for retrial of the issue was made before rather than after the findings were filed.
Again, what would be the result if the judgment were now reversed? The findings of Judge Johnson now filed cannot be challenged, for there is no settled case and time for settling one is long since past. It would only result in the retrial of the one issue which Judge Johnson's findings left room for. And, as to that issue, nothing now precludes Judge Nelson from again requesting Judge Olsen to try it. The statute authorizes this court to grant a new trial only for causes materially affecting the rights of an appellant or irregularity in the proceeding which deprived him of a fair trial. (G. S. 1923, § 9325). So that a reversal of the judgment now on the point raised "would only result in doing over again what has been done already," as stated in Perry v. M. St. Ry. Co. 69 Minn. 165,72 N.W. 55, which was a case where the trial court granted a new *Page 354 
trial because the defendant had erroneously been denied a struck jury. But, since a repeal of the struck jury statute had taken effect after the trial but before the motion for a new trial was made, this court reversed the order granting a new trial, for defendant could then have no other than a common jury. Practically the same situation now confronts contestant. Judge Olsen may now very properly be requested to try the same issue, were it to be tried. The two judges concerned in this case carefully co-ordinated their work so as to render a consistent judgment and, though the practice may not be regarded as a good precedent, we do not think it was such a prejudicial irregularity as to require a reversal of the judgment. Two expensive trials have been had as to one issue, for the judgment shows costs taxed of over $400. The litigation should end.
The judgment is affirmed.