HAROLD ANDERSON v. PYRAMID GRANITE COMPANY.[1]

July 21, 1944.

No. 33,847.

*Maugridge S. Robb* and *Charles H. Richter,* for relator.

*J. E. Mullen,* for respondent.

*J. A. A. Burnquist,* Attorney General, and *George B. Sjoselius,* Assistant Attorney General, for Industrial Commission.

PER CURIAM.

The employe-respondent herein filed a petition with the industrial commission asserting his right to compensation under L. 1943, c. 633, relating to occupational diseases. A referee was appointed

[1]Reported in 15 N. W. (2d) 523.

and his findings and conclusions filed with the commission. On appeal to the industrial commission by the employer, the commission made its findings and conclusions on all questions except an alleged controverted medical question, which under the authority of the chapter referred to it ordered heard by the medical board selected in the manner therein provided. It is the order of reference to the medical board which the employer seeks to review by *certiorari*. The matter is before this court on the employe's motion to quash the writ of *certiorari* on the ground that the order sought to be reviewed is neither a final order nor one involving the merits.

Ordinarily, *certiorari* will not lie to review an order that is not a final determination of the rights of the parties (State ex rel. Tolversen v. District Court, 134 Minn. 435, 159 N. W. 965), but it is the contention of relator that the order is one involving the merits of the case. We do not so regard it. The commission's order of reference is not, of course, a final order, and its award or disallowance will not be final until after it has received the report of the medical board to which the reference was made, although, according to the statute, it is compelled to adopt the findings of that board. Those findings may be favorable or unfavorable to relator. Relator seeks ultimately to challenge the constitutionality of the provisions of the act providing for a reference to a medical board, but admits that we cannot determine these questions on a motion to quash, and that such questions cannot be determined without a record of the proceedings before the medical board, which is not provided for by the act. However, we must hold that the order of reference is not of itself one involving the merits of the case, and therefore relator's right of review must await the final determination of the industrial commission. The writ of *certiorari* must be quashed.

Writ quashed.