George A. MOWRY, III, Appellant,

v.

Richard A. YOUNG, et al., Respondents.

No. C3–96–2064.

Court of Appeals of Minnesota.

July 8, 1997.

Jeffrey W. Lambert, Lambert & Broeder, Wayzata, for Appellant.

William J. Everett, Jessica S. Ware, Greene Espel, P.L.L.P., Minneapolis, for Respondents.

Considered and decided by NORTON, P.J., and PETERSON and AMUNDSON, JJ.

## OPINION

PETERSON, Judge.

On appeal from a summary judgment, George A. Mowry III challenges the district court's determination that the exclusive method for Mowry to contest the termination of his status as a member of a police reserve unit was to seek a writ of certiorari from the court of appeals within 60 days after the termination became final. We affirm.

## FACTS

The cities of Excelsior, Greenwood, Shorewood, and Tonka Bay are parties to a joint and cooperative agreement providing for a joint police force to serve the four communities. Respondent South Lake Minnetonka Public Safety Department (SLMPSD), the police force for the communities, is governed by respondent Coordinating Committee for SLMPSD. Under the joint and cooperative agreement, the coordinating committee has the authority to approve the police chief's recommendations regarding the hiring, discipline, and termination of employees. Joint & Cooperative Agreement Relating to the Employment of Police Chief and Police Officers, § 6, subds. 5, 11 (Jan. 3, 1993).

Appellant George A. Mowry III was a member of the SLMPSD reserve unit. The reserve unit is governed by a set of bylaws approved by the coordinating committee, which provides that members of the reserve unit serve at the pleasure of the police chief and may only be terminated from the unit by the chief. SLMPSD Reserve Unit By–Laws art. I, § B, art. VI, § C (July 20, 1994). The bylaws also provide that if a reserve officer requests review of a termination for disciplinary reasons, the police chief or an officer designated by the chief shall investi-

gate the matter, and then the chief shall make the final decision whether to rescind or sustain the termination. *Id.*, art. VI, § D.

While a member of the reserve unit, Mowry apprehended a juvenile, who filed a complaint alleging that Mowry assaulted him. Following an internal investigation of the incident, respondent Richard A. Young, the SLMPSD police chief, terminated Mowry's status as a reserve unit member on grounds that Mowry violated reserve unit bylaws governing the use of force by reserve officers and statutes governing citizen's arrests. At a subsequent meeting, the coordinating committee determined that the reserve unit bylaws governed Mowry's termination, and therefore it was not appropriate for the coordinating committee to act on the matter.

Mowry requested that Young review his termination. After review, Young declined to rescind Mowry's termination. On April 21, 1995, Young sent Mowry a letter and memorandum expressly stating that Mowry's status as a reserve officer was terminated under the authority granted the police chief by the reserve unit bylaws.

In December 1995, Mowry began this action in district court against respondents, alleging that his termination was not final because it had not been approved by the coordinating committee. Mowry requested that the court issue a declaratory judgment regarding the parties' respective rights relating to Mowry's termination. Respondents filed a motion for summary judgment seeking dismissal with prejudice of Mowry's claims on the ground that the district court lacked subject matter jurisdiction to review Mowry's termination. Based on its conclusions that Mowry's termination was final effective April 21, 1995, and that Mowry's exclusive method for challenging his termination was to seek a writ of certiorari from the court of appeals within 60 days after his termination became final, the district court determined that it lacked the authority to provide Mowry a forum for relief and granted respondents' motion for summary judgment.

## ISSUE

Was seeking a timely writ of certiorari from the court of appeals Mowry's exclusive method to contest his termination?

## ANALYSIS

On appeal from a summary judgment, this court must examine the record to determine whether any genuine issues of material fact exist and whether the district court properly applied the law. *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988). This court must view the evidence in the light most favorable to the nonmoving party. *Id.*

▮ The district court's authority to decide an appeal from an administrative body's quasi-judicial decision is a jurisdictional matter. *Naegele Outdoor Advertising, Inc. v. Minneapolis Community Development Agency,* 551 N.W.2d 235, 237 (Minn.App. 1996). "This court reviews jurisdictional issues de novo." *Larson v. New Richland Care Center,* 538 N.W.2d 915, 918 (Minn.App. 1995), *review denied* (Minn. Mar. 4, 1997).

Judicial review of an administrative body's quasi-judicial decision must be invoked by writ of certiorari when no other right of review is authorized by statute or appellate rule.

*Naegele Outdoor Advertising,* 551 N.W.2d at 236. Termination of a public employee is a quasi-judicial decision. *See Dietz v. Dodge County,* 487 N.W.2d 237, 239–40 (Minn.1992) (county's decision to terminate nursing home administrator was quasi-judicial decision); *Heideman v. Metropolitan Airports Comm'n,* 555 N.W.2d 322, 323 (Minn.App. 1996) (Metropolitan Airports Commission's termination of employee was quasi-judicial decision); *see also Naegele Outdoor Advertising,* 551 N.W.2d at 236 ("quasi-judicial decision requires the performance of a discretionary act, which depends on the ascer-

tainment, consideration, and determination of evidentiary facts").[1]

▮ Unless a statute expressly vests judicial review of an agency action in the district court, the court of appeals has exclusive jurisdiction over writs of certiorari.

*Heideman,* 555 N.W.2d at 323. The parties do not claim that a specific statute governs Mowry's appeal. Minn.Stat. § 606.01 (1996), the general statute governing certiorari appeals, mandates that a party apply to this court for a writ within 60 days after receiving notice of the adverse decision. "Issuance of the writ within 60 days is a jurisdictional prerequisite to judicial review." *Larson,* 538 N.W.2d at 918 (quoting *Dokmo v. Independent Sch. Dist. No. 11,* 459 N.W.2d 671, 676 (Minn.1990)).

▮ Mowry argues that certiorari was not an appropriate method of judicial review because his termination was not final.

[C]ertiorari will not ordinarily lie unless there is a final determination of rights. A writ of certiorari will not be issued to prevent anticipated wrongs.

*State ex rel. Mosloski v. Martin County,* 248 Minn. 503, 506, 80 N.W.2d 637, 639 (1957). Mowry argues that his termination could not become final until the coordinating committee approved Young's decision to terminate him.

▮ Mowry characterizes this as a declaratory judgment action. He is seeking a declaration that his termination will not become final unless the coordinating committee approves Young's decision.

The policy behind the creation of declaratory judgments is to allow parties to determine certain rights and liabilities pertaining to an actual controversy before it leads to repudiation of obligations, invasion of rights, and the commission of wrongs.

*Culligan Soft Water Serv. v. Culligan Int'l Co.,* 288 N.W.2d 213, 215–16 (Minn.1979).

---

1. Even if Mowry, as a reserve officer, was not an employee of SLMPSD, he still was entitled to obtain judicial review of his termination. "[J]udicial review of [quasi-judicial] administrative action is the rule, and non-reviewability an exception which must be demonstrated." *Minne-*

*sota Public Interest Research Group v. Minnesota Environmental Quality Council,* 306 Minn. 370, 376 n. 7, 237 N.W.2d 375, 379 n. 7 (1975) (quoting *Barlow v. Collins,* 397 U.S. 159, 166, 90 S.Ct. 832, 837, 25 L.Ed.2d 192 (1970)).

Young acted to terminate Mowry's status as a reserve unit member before Mowry brought this action. The April 21, 1995 letter from Young to Mowry clearly stated that Mowry's termination was final. The record does not indicate that the parties treated Mowry's termination as anything other than final. Moreover, in his complaint, Mowry alleged that he was wrongfully terminated and that he incurred damages as a result of the wrongful termination.

This case is properly characterized as a claim to rectify a harm, wrongful termination, that had already occurred, not as a claim for declaratory relief. Mowry's termination may have been invalid because it was not approved by the coordinating committee. But Mowry was notified that he was terminated. Because Mowry was notified that his termination was final and the record does not indicate that the parties treated the termination as other than final, SLMPSD's termination of Mowry was a final decision for purposes of judicial review. Writ of certiorari therefore was Mowry's exclusive method to obtain judicial review of his termination. *See Willis v. County of Sherburne*, 555 N.W.2d 277, 281–82 (Minn.1996) (writ of certiorari was only method by which discharged employee could obtain judicial review of his claim that county breached his employment contract by failing to follow the lay-off and termination procedures set forth in employee handbook); *Dokmo v. Independent Sch. Dist. No. 11*, 459 N.W.2d 671, 673, 676 (Minn.1990) (certiorari confers jurisdiction on courts to review regularity of administrative proceedings; teacher's wrongful termination claim and request for order for reinstatement was appropriate for certiorari review and was not an appropriate declaratory judgment action).

Allowing Mowry to maintain a declaratory judgment action to challenge the finality of his termination would thwart the policy underlying the requirement of certiorari review for public employee termination cases.

Because it mandates nonintrusive and expedient judicial review, certiorari is compatible with the maintenance of fundamental separation of power principles, and thus is a particularly appropriate method of limiting and coordinating judicial review of the quasi-judicial decisions of executive bodies.

*Dietz v. Dodge County,* 487 N.W.2d 237, 239 (Minn.1992).

A petition for certiorari must be filed within 60 days after receiving notice of an adverse decision. Minn.Stat. § 606.01 (1996). Judicial review by certiorari is limited to reviewing the record before an administrative body to determine whether the administrative body had jurisdiction to act, the regularity of its proceedings, and whether its decision "was arbitrary, oppressive, unreasonable, fraudulent, under an erroneous theory of law, or without any evidence to support it." *Dietz,* 487 N.W.2d at 239. Allowing Mowry to maintain a declaratory judgment action would significantly extend the 60-day limitations period and would create the potential for a much more intrusive judicial review. *See id.* at 240 (six-year limitations period, extensive discovery procedures, and a panoply of rules applied to wrongful termination district court action). Moreover, Mowry's claim that his termination was invalid because SLMPSD did not follow required termination procedures would have been within the scope of review by certiorari. There was no need to obtain a declaratory judgment that the required procedures were not followed.

In the cases relied on by Mowry to support his argument that a writ of certiorari should not be issued because no final decision has been made, the administrative bodies did not intend the decisions being challenged to be final decisions on the merits. *See State ex rel. Mosloski,* 248 Minn. at 507, 80 N.W.2d at 640 (following preliminary hearing, county made recommendation on drainage ditch; recommendation was not a final order because statute mandated further investigation and consideration at the final hearing); *Anderson v. Pyramid Granite Co.,* 218 Minn. 194, 195, 15 N.W.2d 523, 523 (1944) (commission's order referring controverted medical question to medical board for determination of parties' rights; commission would not issue its final order until after it received medical board's determination). Here, in contrast, the record shows that SLMPSD intended Mowry's termination to be final.

**DECISION**

Mowry's exclusive method to obtain judicial review of the finality of his termination was by petitioning this court for a writ of certiorari within 60 days after receiving the April 21 letter from Young. The district court properly granted respondents' summary judgment motion to dismiss for lack of jurisdiction.

**Affirmed.**