**In the Matter of Christopher Loyd IVEY.**

**No. A04–843.**

Court of Appeals of Minnesota.

Oct. 26, 2004.

Christopher Loyd Ivey, St. Peter, MN, pro se appellant.

Mike Hatch, Attorney General, Angela M. Helseth, Assistant Attorney General, St. Paul, MN, and Marvin E. Ketola, Carlton, MN, for respondent State of Minnesota.

Considered and decided by KLAPHAKE, Presiding Judge; RANDALL, Judge; and HUDSON, Judge.

## OPINION

HUDSON, Judge.

Appellant challenges his commitment as a sexual psychopathic personality and sexually dangerous person, alleging that the district court lacked subject matter jurisdiction and personal jurisdiction over him.

Because the district court had subject matter jurisdiction over appellant's commitment as the county of appellant's last residence prior to incarceration, and because the district court had personal jurisdiction over appellant based on the Department of Correction's apparent supervisory authority over appellant at the start of the commitment proceedings, we affirm.

## FACTS

Appellant Christopher Loyd Ivey pleaded guilty to first-degree burglary, first- and second-degree criminal sexual conduct, and other offenses in 1993, resolving a number of pending charges. Appellant confessed to many acts of window peeping and burglary, and additionally confessed to the 1989 murder and attempted rape of a young woman in Stuttgart, Germany, which occurred when he was 18 years old. He was initially sentenced on the Minnesota charges to 165 months, executed, but he appealed. On remand from this court, the district court sentenced him to two consecutive 52–month sentences, and some shorter, concurrent sentences.

While serving these sentences in Minnesota prisons, appellant was extradited to Germany to be tried on the murder and attempted-rape charges. He was convicted in November 1997 of murder and at-

tempted rape and sentenced to serve eight years and six months in German prison. During this period of time, the Department of Corrections (DOC) first referred appellant for civil commitment; county officials did not pursue a petition because appellant was in Germany and could not be present, as required, for a hearing on the petition. In January 1998, DOC noted that the mandatory conditional-release term had not been included in appellant's sentence. The district court informed DOC that a ten-year conditional-release term should have been included in appellant's sentence and amended appellant's sentencing record to include this conditional-release term.

In May 1998, appellant returned to Minnesota to finish his Minnesota sentence. Appellant completed his prison term in November 1998, was released to the United States Marshal, and returned to Germany on December 7, 1998, to complete his German prison sentence. Appellant was due to be released from German prison and deported in accordance with German law in November 2003. Although his supervised release had expired by this time, he was still under DOC supervision because of the ten-year conditional-release term, which expires in November 2008.

Carlton County, appellant's last place of residence before incarceration, filed a petition for civil commitment of appellant as a sexually dangerous person and a sexual psychopathic personality on November 24, 2003, at the same time that appellant was en route to New York from Germany. An ex parte apprehend-and-hold order was issued pursuant to Minn.Stat. § 253B.07, subd. 2b (2002). New York authorities met appellant at the airport and took him into custody. The next day, appellant waived extradition and was escorted to Minnesota by two members of the Fugitive Apprehension Unit. In Minnesota, he was

met by two Carlton County assistant sheriffs and escorted to Carlton County, where he was held pursuant to the apprehend-and-hold order and served with a copy of the commitment petition. On November 26, 2003, the district court appointed an interim public defender, held a continued-hold hearing, and issued an order to hold appellant at the state security hospital pending a commitment hearing. On December 1, 2003, the district court appointed an attorney to represent appellant.

After it was learned that one of the court-appointed experts was not a licensed psychologist, the original February trial date was continued to March to permit an examination of appellant. Appellant filed a pro se motion to dismiss for lack of subject matter jurisdiction on March 11, 2004. The district court considered and denied this motion immediately prior to trial, which was held on March 23–25, 2004. Appellant also filed a petition for postconviction relief on March 11, 2004, challenging the ten-year conditional-release term imposed by the district court.

The district court issued its findings, conclusions, and order for commitment on May 4, 2004. Appellant filed a petition for a writ of prohibition on May 11, 2004, alleging a lack of personal and subject matter jurisdiction. This court denied the petition on May 17, 2004, concluding that appellant could raise these issues in a direct appeal from the commitment order. On May 14, 2004, appellant filed a notice of appeal of the commitment order. On June 9, 2004, the district court issued its order for postconviction relief, amending appellant's conditional-release term from ten to five years. Had this five-year conditional-release term originally been imposed, DOC supervision over appellant would have ended in early November 2003, prior to appellant's release from German prison.

## ISSUES

1. Did the district court have subject matter jurisdiction to decide whether appellant should be committed as a sexually dangerous person and sexual psychopathic personality?

2. Did the district court have personal jurisdiction over appellant in the commitment proceedings when the Department of Corrections exercised supervisory authority over appellant based on a conditional-release term later found to be defective?

## ANALYSIS

■ This court reviews issues of personal and subject matter jurisdiction de novo as questions of law. *Wick v. Wick,* 670 N.W.2d 599, 603 (Minn.App.2003) (personal jurisdiction); *In re Thulin,* 660 N.W.2d 140, 143 (Minn.App.2003) (subject matter jurisdiction).

### 1. Subject Matter Jurisdiction

■ The district court has subject matter jurisdiction over judicial commitments, including commitments of a person as a sexual psychopathic personality or as a sexually dangerous person. Minn.Stat. § 253B.07, 253B.18, 253B.185 (2002); *see also State ex rel. Anderson v. United States Veterans Hosp.,* 268 Minn. 213, 218, 128 N.W.2d 710, 715 (1964) ("The fact that the probate court has jurisdiction over commitment proceedings by virtue of our constitution has long been established.").

Appellant raises what is essentially an objection to venue in Carlton County. Minn.Stat. § 253B.07, subd. 1, which describes procedures governing judicial commitments, specifies venue in the proposed patient's county of residence, without providing a further definition of that term. Minn.Stat. § 253B.045, subd. 2 (2002), which governs temporary commitments, provides some guidance. That statute

states that the county of confinement will be the county that bears financial responsibility for the proposed patient. Any dispute over which county bears financial responsibility for the patient is resolved by reference to Minn.Stat. ch. 256G (2002). "County of financial responsibility" is defined by Minn.Stat. § 256G.02, subd. 4(c), as the county a person last resided in before entering a correctional facility. In this case, appellant resided in Carlton County before his entry into the various correctional facilities.

We therefore conclude that, for purposes of both subject matter jurisdiction and venue, the Carlton County district court properly assumed responsibility for the commitment proceedings.

### 2. Personal Jurisdiction

■ Personal jurisdiction has two requirements: (1) an adequate connection between the state and the party over whom jurisdiction is sought, or a basis for the exercise of jurisdiction; and (2) a form of process that satisfies the requirements of both due process and the Minnesota Rules of Civil Procedure governing the commencement of civil actions. *Wick*, 670 N.W.2d at 603. If a judgment is void for want of personal jurisdiction, it must be vacated. Minn. R. Civ. P. 60.02(d).

The commissioner of DOC maintains supervision over prisoners on supervised release and conditional release. Minn.Stat. § 243.05 (2002). A party on supervised or conditional release remains "in the legal custody and under the control of the commissioner." Minn.Stat. § 243.05, subd. 1(4)(b). The commissioner retains powers of control over supervisees in other states through an interstate compact. Minn.Stat. § 243.1605 (2002). Thus, the commissioner maintained supervisory power over appellant by virtue of the ten-year conditional-release term ordered by the district court, which ran until November 2008. This provides an adequate connection between the state and appellant for purposes of personal jurisdiction.

Appellant argues that, but for the ten-year conditional-release term later found to be defective, (1) he would not have been subject to DOC supervision; (2) he would not have returned to Minnesota; and (3) the district court would not have had personal jurisdiction over him. But when commitment proceedings were initiated, the ten-year term was a valid part of appellant's sentence.

■ Unlike subject matter jurisdiction, a defense of lack of personal jurisdiction can be waived, either explicitly or by implication. *Comm'r of Natural Res. v. Nicollet County Public Water/Wetlands Hearings Unit*, 633 N.W.2d 25, 31 (Minn.App. 2001), *review denied* (Minn. Nov. 13, 2001). Here, appellant waived extradition proceedings and agreed to return to the state, which provided a basis for the exercise of personal jurisdiction. Appellant argues, however, that he would not have agreed to extradition or returned to the state, except for the conditional-release term later held to be improper. But irregularities in the establishment of personal jurisdiction do not negate the assumption of personal jurisdiction.

Courts have long held that "the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a forcible abduction." *Frisbie v. Collins*, 342 U.S. 519, 522, 72 S.Ct. 509, 511, 96 L.Ed. 541 (1952) (quotation omitted). In *State v. Monje*, 109 Wis.2d 138, 325 N.W.2d 695 (1982), although a legal warrant had been issued by Wisconsin for defendant's arrest, police illegally executed the warrant in the state of Illinois. *Id.* at 697. The Wisconsin Supreme Court nev-

ertheless concluded that an illegal execution of a valid warrant did not deprive the court of personal jurisdiction over the defendant, particularly where the defendant was afforded all of the protections that normally accompany a criminal conviction. *Id.* at 700.[1] *See also State v. Greenleaf,* 591 N.W.2d 488, 497 (Minn.1999) (stating in a matter challenging waiver of extradition as illegally obtained, that "even an illegal arrest in violation of an extradition treaty does not preclude criminal prosecution").

In a similar manner, the California Court of Appeals rejected an argument of lack of personal jurisdiction in a case involving the civil commitment of two men designated as "sexually violent predators," where the commitment petitions were not filed until after hold orders had expired, noting that "in civil matters, a court has personal jurisdiction over a party, even when the party is before the court by unlawful force, duress, or fraud." *People v. Superior Court ex rel. Olmeda,* 2001 WL 1299443 at *8 (Cal.Ct.App. Oct.25, 2001). The Supreme Court of New York rejected a similar claim in the commitment of a person with a dangerous mental disorder, who argued that because the district attorney had not complied with the service requirements set forth in the act, the court lacked personal jurisdiction over him. *In the Matter of Sheldon S.,* 9 A.D.3d 92, 778 N.Y.S.2d 180, 183 (N.Y.App.Div.2004). Although the court concluded that the patient was subject to a valid order of conditions that preserved the court's jurisdiction over him, it also noted that he had received adequate notice and an opportunity to be heard, which satisfied the purpose of the requirement. *Id.* at 186.

Despite appellant's assertions, the basic requirements of personal jurisdiction were satisfied here. There is an adequate connection between the state and appellant: his last residence before incarceration was in the state, his crimes and incarceration occurred in the state, and he was subject to DOC's continuing supervisory authority, under an apparently valid sentencing order, at the time he returned to the state. Further, he was afforded due process and an opportunity to be heard on a commitment petition that was properly commenced according to the rules and statutes governing commencement of these actions.

We conclude that the district court properly exercised both subject matter and personal jurisdiction over appellant in these proceedings. Appellant has raised other matters that were not addressed below and are therefore not properly before us. *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988). We therefore decline to address them.

### DECISION

The district court has subject matter jurisdiction over civil commitments under Minn.Stat. § 253B.07 (2002) and this matter was properly venued in Carlton County District Court. The district court had personal jurisdiction over appellant, who was subject to a valid sentencing order and thus under the DOC's supervisory authority at the filing of the petition for commitment.

**Affirmed.**

---

1. Although both *Frisbie* and *Monje* are criminal cases, and this case is a civil commitment, we note that all of these matters involve a similar loss of liberty. We therefore find the reasoning persuasive.