**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-1546**

In the Matter of the Civil Commitment of:
Brent Charles Nielsen.

**Filed January 20, 2015**
**Affirmed**
**Cleary, Chief Judge**

Ramsey County District Court
File No. 62-MH-PR-14-187

Mary M. Huot, Mary M. Huot, Counselor of Law, St. Paul, Minnesota (for appellant)

John J. Choi, Ramsey County Attorney, Stephen P. McLaughlin, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Cleary, Chief Judge; Peterson, Judge; and Hudson, Judge.

**S Y L L A B U S**

A county attorney has authority under Minn. Stat. § 253D.09(b) (2014) to file a petition for the civil commitment of a proposed patient as a sexually dangerous person and as a sexual psychopathic personality even when the proposed patient is serving a life sentence with an indeterminate release date, as long as the county attorney determines that there is good cause to do so under Minn. Stat. § 253D.07 (2014).

**O P I N I O N**

**CLEARY**, Chief Judge

The Ramsey County Attorney filed a petition for judicial commitment of appellant Brent Charles Nielsen as a sexually dangerous person (SDP) and a sexual psychopathic personality (SPP). Appellant opposed the petition, arguing that it was premature because he was indefinitely incarcerated with the commissioner of corrections, and because the district court lacked subject-matter and personal jurisdiction. Since Minn. Stat. § 253D.09(b) gives a county attorney broad authority to file a petition for judicial commitment in district court, we affirm.

**FACTS**

Appellant was found guilty of murder in the first degree while committing criminal sexual conduct and murder in the second degree with the intent to effect death without premeditation on September 27, 1989. Appellant was sentenced to the commissioner of corrections for life in prison with a possibility of parole and since that time has been in the custody of the Minnesota Department of Corrections (DOC). Appellant was scheduled to have a parole hearing on May 6, 2014, for consideration of a possible change in his custody status. Due to the possibility of release, the DOC referred appellant's case to the Ramsey County Attorney for possible civil commitment. On April 21, 2014, the Ramsey County Attorney's Office filed a petition for judicial commitment of appellant as an SDP and SPP.

2

On May 12, 2014, appellant appeared before a DOC review panel for consideration of a possible change in his custody status. The panel ordered appellant to complete sex-offender treatment and remain discipline free. The panel also stated it would not change appellant's status until it reconvened in 2017. Appellant subsequently filed a motion to dismiss the petition for his judicial commitment as an SDP or SPP. Appellant argued that the petition was premature and that the district court lacked subject-matter and personal jurisdiction. The district court denied appellant's motion to dismiss on July 22, 2014, and appellant timely filed this appeal.

## ISSUES

I.  Was the petition for judicial commitment of appellant as an SDP or SPP premature?

II.  Did the Ramsey County District Court have subject-matter and personal jurisdiction to hear the petition?

## ANALYSIS

### I.

Appellant argues that the petition for judicial commitment is premature because he is serving a life sentence with an indeterminate release date. Appellant further argues there is no precedent for applying the commitment statute to an offender serving a life sentence with a possibility of parole or supervised release. Respondent asserts that the petition was not premature because Chapter 253D and Minnesota caselaw permit dual commitment. The district court held that the petition was not premature because

3

Minnesota law allows a person to be committed as an SDP or SPP while serving a criminal sentence with the DOC. Specifically, the district court held that if the county attorney finds that good cause exists, it is required to petition for commitment within 120 days of receiving a referral from the commissioner of corrections pursuant to Minn. Stat. § 244.05, subd. 7 (2014).

Justiciability issues receive de novo review. *Friends of the Riverfront v. City of Minneapolis*, 751 N.W.2d 586, 592 (Minn. App. 2008), *review denied* (Minn. Sept. 23, 2008). "Ripeness is a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies . . . ." *Leiendecker v. Asian Women United of Minn.*, 731 N.W.2d 836, 841 (Minn. App. 2007) (quotation omitted), *review denied* (Minn. Aug. 7, 2007).

Appellant is purportedly challenging the district court's authority to hear the case under the judicially created doctrine of ripeness; however, appellant is actually challenging the county attorney's statutory authority to file a petition under these facts. When a person is civilly committed as an SDP or SPP while also criminally committed to the DOC, the person is serving a dual commitment. *See In re Martenies*, 350 N.W.2d 470, 472-73 (Minn. App. 1984) (describing a dual civil and criminal commitment). The "Minnesota Commitment and Treatment Act: Sexually Dangerous Persons and Sexual Psychopathic Personalities" (the MCTA), Minn. Stat. §§ 253D.01-.36 (2014), addresses dual commitment in several subdivisions. The MCTA states that if an inmate is in the

4

custody of the commissioner of corrections, "the petition may be filed in the county where the conviction for which the person is incarcerated was entered." Minn. Stat. § 253D.07, subd. 1. If the inmate was convicted of criminal sexual conduct, criminal sexual predatory conduct, or sentenced as a patterned offender, the commissioner of corrections can investigate whether a petition may be appropriate and forward that determination to a county attorney no later than 12 months before the inmate's release date. Minn. Stat. § 244.05, subd. 7. After the county attorney receives a referral from the commissioner of corrections, the MCTA requires the county attorney to determine whether good cause under section 253D.07 exists to file a petition. Minn. Stat. § 253D.09(a). Notably, under Minn. Stat. § 253D.09(b), if the county attorney determines that good cause under section 253D.07 exists to file a petition, the county attorney can file it regardless of whether the county attorney gets a proper referral from the commissioner of corrections.[1]

If a statute is unambiguous, a court must apply its plain meaning. *State by Beaulieu v. RSJ, Inc.*, 552 N.W.2d 695, 701 (Minn. 1996). The MCTA gives the county

---

[1] The district court incorrectly held that the county attorney had authority to file the petition under section 253D.09(a). Before the commissioner of corrections releases an inmate who committed criminal sexual conduct, the commissioner must make a preliminary determination of whether a petition under the MCTA is appropriate. *See* Minn. Stat. § 244.05, subd. 7(c). Here, appellant was not convicted of criminal sexual conduct or any other statute listed in Minn. Stat. § 244.05, subd. 7(c), and the petition was therefore not filed pursuant to section 253D.09(a). However, section 253D.09(b) allows the county attorney to file a petition "any time the county attorney determines pursuant to section 253D.07 that good cause for such a petition exists." Minn. Stat. § 253D.09(b).

attorney broad authority to file a petition for civil commitment "any time" the county attorney determines that good cause under section 253D.07 exists. Minn. Stat. § 253D.09(b). Appellant concedes that dual commitment is permissible, but argues that dual commitment in this case is premature because he is serving a life sentence with possibility of parole and must complete sex-offender treatment before being released by the commissioner of corrections. Appellant suggests the county attorney should file a petition for civil commitment only when appellant could be released and notes that there is no Minnesota case applying the MCTA where an inmate is serving a life sentence. Appellant's arguments are unconvincing because the statute places no temporal restriction limiting a county attorney's authority to file a petition for judicial commitment. *See id.* The unambiguous language of the MCTA only requires a finding of good cause under 253D.07 for the county attorney to file a petition.

Finally, appellant's arguments regarding an indeterminate sentence are misleading and undermined by the facts of this case. The commissioner of corrections determined that a petition might be appropriate and informed the county attorney because a parole hearing had been scheduled. Appellant was not granted parole, but he was given certain conditions—including completion of sex-offender treatment—to meet before another parole hearing in 2017. Consequently, there is a possibility that appellant may be released by the commissioner of corrections. The county attorney determined that good cause existed to file a petition at this time, and there is no basis in Minnesota statutes or caselaw to hold that the petition was premature.

**II.**

Appellant next argues that the district court lacked subject-matter and personal jurisdiction. The district court held that it had both. This court reviews issues of subject-matter and personal jurisdiction de novo as questions of law. *Schroeder v. Schroeder*, 658 N.W.2d 909, 911 (Minn. App. 2003) (reviewing subject-matter jurisdiction); *Wick v. Wick*, 670 N.W.2d 599, 603 (Minn. App. 2003) (reviewing personal jurisdiction).

Appellant argues that the district court lacked subject-matter jurisdiction because appellant is already serving a life sentence and the DOC can provide treatment. Subject-matter jurisdiction is defined as the authority to hear and determine the particular questions the court assumes to decide. *Irwin v. Goodno*, 686 N.W.2d 878, 880 (Minn. App. 2004). Minnesota statutes can define and limit the court's power to act. *Land O'Lakes Dairy Co. v. Hintzen*, 225 Minn. 535, 538, 31 N.W.2d 474, 476 (1948). The MCTA grants the district court subject-matter jurisdiction because it requires petitions under chapter 253D to be filed in Minnesota district courts. Minn. Stat. § 253D.07, subd. 1; *see also In re Ivey*, 687 N.W.2d 666, 669 (Minn. App. 2004) ("The district court has subject matter jurisdiction over judicial commitments, including commitments of a person as a sexual psychopathic personality or as a sexually dangerous person."), *review denied* (Minn. Dec. 22, 2004). The MCTA and Minnesota caselaw both support the district court's holding that it had subject-matter jurisdiction.

Next, appellant argues that the district court lacked personal jurisdiction because appellant is committed to the commissioner of corrections, and appellant received notice

instead of the commissioner. "Personal jurisdiction has two requirements: (1) an adequate connection between the state and the party over whom jurisdiction is sought, or a basis for the exercise of jurisdiction; and (2) a form of process that satisfies the requirements of both due process and the Minnesota Rules of Civil Procedure governing the commencement of civil actions." *In re Ivey*, 687 N.W.2d at 670 (quotation omitted). Neither party disputes that appellant had an adequate connection with Minnesota.

Appellant attacks the service of process and notice. Appellant argues that the commissioner of corrections has jurisdiction over his body and service was therefore required on the commissioner. The MCTA provides that upon filing of a petition with the district court, the hearing is governed by the procedures specified in sections 253B.07 and 253B.08. Minn. Stat. § 253D.07, subd. 2. Section 253B.07 provides that "[a] summons to appear for . . . the commitment hearing shall be served upon the proposed patient" and "[a]ll papers shall be served personally on the proposed patient." Minn. Stat. § 253B.07, subd. 4(a), (c) (2014). Section 253B.07 does not require service on the commissioner of corrections. The plain language of the MCTA, therefore, requires personal service of the summons on the proposed patient.[2] Moreover, appellant personally attended the hearings pursuant to court orders, which further detracts from appellant's arguments that the service was somehow ineffective.

---

[2] The Minnesota Rules of Civil Procedure do not apply to the extent that they are inconsistent with chapter 253B. *See* Minn. R. Civ. P. 81.01 (stating that any statute listed in appendix A is excepted from the rules).

## DECISION

A county attorney may file a petition for judicial commitment of a proposed patient as a sexually dangerous person and as a sexual psychopathic personality under Minn. Stat. § 253D.09(b) even when the proposed patient is serving a life sentence with an indeterminate release date, as long as the county attorney determines that there is good cause to do so under Minn. Stat. § 253D.07.

**Affirmed.**