## OSCAR C. FISCHER v. LEO PERISIAN, d.b.a. PERISIAN EQUIPMENT COMPANY, AND ANOTHER.

86 N. W. (2d) 737.

December 13, 1957—No. 37,413.

*Field, Arvesen & Donoho,* for appellant.
*Clifford G. Nelson,* for respondent.

MURPHY, JUSTICE.

This matter is before us on motion to dismiss an appeal taken by the defendant Leo Perisian from an order of the District Court of Wadena County dated July 18, 1957. The order was made pursuant to the plaintiff's motion for a dismissal without prejudice in an action in tort for negligence under Rule 41.01(2) of Rules of Civil Pro-

cedure, which provides that an action may be dismissed on order of the court "upon such terms and conditions as the court deems proper." Here, the court dismissed the action without prejudice and without imposing any conditions.

It is the contention of the plaintiff that the appeal ought to be dismissed because it is taken from a nonappealable order. He argues that no prejudice to the defendant has resulted; that the defendant is in the same position as when the action was commenced; and that no final decree or judgment has been entered which affects the defendant's pecuniary interests.

The defendant Perisian argues that the motion to dismiss is premature and has asked for an extension of time for the filing of the record and brief pursuant to Supreme Court Rule VIII (222 Minn. xxxii). He points out there is no record before the court containing the factual background of either the appeal or the factual background of plaintiff's motion to dismiss the appeal. We have before us the original file of the district court, the motion papers, and brief in support of the plaintiff's motion to dismiss the appeal as well as defendant's brief and written argument in opposition thereto. We therefore have a sufficient record as required by Supreme Court Rule IV (222 Minn. xxx) to pass upon the motion. A printed record would add nothing to our consideration of the motion, and in view of the disposition we make would result in unnecessary expense.

It appears that the plaintiff commenced this action in August 1955 against the defendant Perisian. The action was one to recover for injuries sustained by the plaintiff in January 1955. Plaintiff, while standing by a truck owned by the defendant Perisian, was struck and injured when an automobile driven by one Albert Collins collided with the rear of the Perisian truck. It appears that Collins was impleaded as a third-party defendant pursuant to Rule 14 of Rules of Civil Procedure. The case went to trial at Wadena on September 19, 1956. During the course of the trial plaintiff moved for a dismissal of the action without prejudice. This motion was not opposed by either the defendant Perisian or the defendant Collins and it was duly granted.

On September 20, 1956, plaintiff again commenced the action by service of a summons and complaint against the defendant Perisian.

After interposing an answer Perisian made a motion pursuant to Rule 19 of Rules of Civil Procedure to require the plaintiff to join Collins as an additional party defendant. This motion was granted by an order of the court dated November 5, 1956.[1] The order required that a service of summons and complaint be made upon Collins and that further proceeding be stayed pending compliance with the order. Thereafter the plaintiff moved to vacate the order requiring the joinder of Collins, which motion was denied. Subsequently, the plaintiff, without complying with the order, filed a note of issue purporting to place the case on the calendar for the February 1957 term of court. At the opening of the term, pursuant to a motion by the defendant Perisian, the court made its order striking the case from the calendar.

On April 23, 1957, plaintiff served a summons and complaint naming both Perisian and Collins as defendants and service was made upon both of them. It appears that the complaint stated no cause of action against Collins and accordingly on April 30, 1957, Perisian noticed a motion to require the plaintiff to amend his summons and complaint so as to assert a cause of action against Collins or in the alternative for a dismissal of plaintiff's cause of action against the defendant Perisian. The motion asked that the action be dismissed with prejudice by reason of the plaintiff's failure to comply with the court's previous order of joinder. After some additional maneuvers on the part of the plaintiff, including the filing of an affidavit of prejudice, he moved to dismiss

---

[1] The additional party Collins was interpleaded in the first case by the defendant pursuant to Rule 14 of Rules of Civil Procedure, which governs third-party practice. The second order adding the additional defendant was made pursuant to Rule 19.02, governing necessary joinder of parties, which refers to persons "who are not indispensable, but who ought to be parties *if complete relief is to be accorded between those already parties,* * * *." (Italics supplied.) Under Rule 14 the defendant may properly join a joint tortfeasor as a third-party defendant. It is not clear, however, that a joint tortfeasor is a necessary or indispensable party within the meaning of Rule 19 so as to authorize the court to order the plaintiff to join an additional defendant where he does not wish to do so. 1 Youngquist & Blacik, Minnesota Rules Practice, pp. 581, 582; Wright, Minnesota Rules, p. 121; Humphrey v. Stanolind Oil & Gas Co. (5 Cir.) 232 F. (2d) 925. This point, however, is not before us for decision.

without prejudice. On July 18, 1957, the court made its order granting the plaintiff's motion. The appeal to this court is from that order.

The question before us is whether the order dismissing the action for a second time without prejudice is appealable. The defendant does not cite any provision of M. S. A. 605.09, the appeal statute, which supports his right to appeal. He refers to subsection (3) which allows an appeal "From an order involving the merits of the action or some part thereof." It is clear, however, that the order dismissing the action without prejudice does not involve the merits. The defendant concedes that ordinarily an order dismissing an action without prejudice is not appealable. 1 Dunnell, Dig. (3 ed.) § 309. But he argues that the situation here presents an exception to the rule because in this case "the District Court had issued its order for good cause shown requiring the joinder of Collins as an additional party defendant with direct liability to the plaintiff." He argues that under the order for joinder Perisian had acquired the right to have the defendant Collins brought into the action "so as to stand directly responsible to the plaintiff should the facts warrant upon any trial of the action."

The defendant cites H. Christiansen & Sons, Inc. v. City of Duluth, 225 Minn. 486, 31 N. W. (2d) 277. In that case the trial court sustained a demurrer interposed by the defendant, but granted the plaintiff 30 days within which to file an amended complaint. No amended complaint was served or filed within the time limit. The plaintiff later brought an action on the same facts after which the defendant served on him a notice of the court's order sustaining the demurrer. Pursuant to a motion of the plaintiff, an order of dismissal without prejudice to the plaintiff was entered. The defendant appealed from a judgment thereon. There the plaintiff contended that, because the original order sustaining the demurrer granted the plaintiff leave to file an amended complaint, the judgment entered pursuant to the order sustaining the demurrer was not a final determination of the issues and hence not appealable. Holding to the contrary we said (225 Minn. 493, 31 N. W. [2d] 280):

"Here, upon the expiration of the 30-day period in which plaintiff might have filed an amended complaint, defendant was entitled to judgment of dismissal upon the merits. The present judgment deprived him

of this right and is final, insofar as the present action is concerned. By virtue thereof, defendant's rights have been finally determined, and it is deprived of the right to plead the judgment of dismissal upon the merits as a bar to any new action plaintiff may bring * * *.

"The judgment appealed from must be regarded as final in this respect, * * *."

Under this authority the defendant argues that by reason of the order for joinder, Perisian was entitled to apply to the court "for an order of dismissal with prejudice based upon plaintiff's failure to comply with a previous court order."

It appears that the judgment appealed from in the Christiansen case was properly reviewable because it involved the merits of the action. The judgment of dismissal without prejudice destroyed a positive legal right of the defendant. This was the right to have a judgment entered in his favor upon the allegations contained in plaintiff's complaint, which judgment would be a bar against any future action on the same allegations of fact. Since the judgment destroyed this positive legal right, it was appealable.

We cannot agree that the Christiansen case is authority for holding that the case before us involves a right which was affected by the dismissal. We have held that an order granting or denying a motion for joinder of additional parties is not appealable. Chapman v. Dorsey, 230 Minn. 279, 41 N. W. (2d) 438, 16 A. L. R. (2d) 1015; Luethi v. Stanko, 240 Minn. 380, 61 N. W. (2d) 522.

In any event, there was no issue pending between the defendant and the additional party as a result of which a substantial right might have been created which would have involved the merits of the action. The order does not finally take away any right of the defendant. If the plaintiff ever brings another action, the defendant may again ask for joinder.

We accordingly hold that under the circumstances here the order dismissing the action without prejudice did not involve the merits of the action, or some part thereof, so as to come within § 605.09(3) and did not affect a substantial right of the defendant.

Motion to dismiss granted.

MR. CHIEF JUSTICE DELL took no part in the consideration or decision of this case.