## WINNIFRED HILLERNS v. MINNESOTAN HOTEL AND OTHERS.

135 N. W. (2d) 63.

April 30, 1965—No. 39,422.

*Tyrrell, Jardine, Logan & O'Brien* and *Raymond W. Fitch,* for relator insurer.

*Mordaunt, Walstad, Cousineau & McGuire* and *Robert J. McGuire,* for respondents.

NELSON, JUSTICE.

On August 12, 1949, respondent employee, Winnifred Hillerns, was employed by the Minnesotan Hotel, whose workmen's compensation insurer was then Great American Indemnity Company. On that

date employee sustained an injury to her back arising out of and in the course of her employment. On December 1, 1950, she agreed to a stipulation for an award based on the assumption she had suffered a 10-percent permanent partial disability.

She returned to work for the hotel in October 1953. On or about November 20, 1953, she called this employer, stating "she did not incur any injury on the job" but suspected that she had "a recurrence of an old injury to her back" and that this was "caused by overwork on her present job." The hotel gave written notice to the Industrial Commission of this occurrence on January 20, 1954. On November 20, 1953, the hotel's compensation insurer was Fireman's Fund Insurance Company. After investigating the matter Fireman's Fund gave notice of denial of liability.

Employee did nothing further until August 3, 1962, when she filed a petition to vacate the award entered by the commission on December 1, 1950. That petition asserted that her back condition had become progressively worse since December 1, 1950, and that she now had a minimum of 25-percent permanent partial disability. The Industrial Commission granted employee's petition for vacation of the award on November 19, 1962. Thereafter she filed an amended claim petition alleging that she is permanently totally disabled because of the injury she suffered in August 1949 and because of an injury she suffered May 30, 1954, while employed by respondent Minnesota Motel, Inc., d.b.a. Northgate Motel.

Great American and the hotel then petitioned to join Fireman's Fund as a party on the grounds that if employee had any disability some of that disability arose out of an incident on or about November 20, 1953, when Fireman's Fund was the hotel's compensation insurer. By its order dated February 6, 1964, the commission granted the petition for joinder. On the relation of Fireman's Fund and the hotel, we issued certiorari to review this order.

Fireman's Fund asserts that if employee was hurt in November 1953, the time for instituting a proceeding under the workmen's compensation law has expired and that therefore in no event can Fireman's Fund be held liable. Hence, it asserts that it was improperly

joined as a party, pointing out that Minn. St. 176.151 requires an employee to bring a proceeding to obtain compensation within 2 years of the time the employer files notice of injury with the Industrial Commission and within 6 years from the date of the accident.

Great American contends that the Industrial Commission, by its order, has not determined whether the statute of limitations has run but only that, due to oral unrecorded contentions, there appears to be a basis for joining Fireman's Fund as an additional party. Its primary contention is that an order granting joinder is not a final order and therefore is not appealable.

It is our opinion that an order granting joinder is nonappealable and not reviewable by certiorari. At the outset, it is important to note that this court cannot, under the circumstances, make findings of fact. The function of this court is to review the findings of fact enunciated by the Industrial Commission in order to determine whether the evidence sustains those findings. But it is equally clear that until such findings are made there is nothing here for this court to review. See, Yureko v. Prospect Foundry Co. 262 Minn. 480, 115 N. W. (2d) 477, and Anderson v. Pyramid Granite Co. 218 Minn. 194, 15 N. W. (2d) 523. The commission has made no findings in the proceeding before us.

The statutory authority for the review of proceedings of the Industrial Commission is to be found in Minn. St. 176.471, subd. 1, which permits review by this court on certiorari on the grounds that the order does not conform with the statute; the commission committed any other error of law; or that its findings of fact and order were unwarranted by the evidence. None of these grounds is applicable to an order granting joinder of a party.

Subd. 9 of § 176.471 does appear applicable. It states:

"When the return of the proceedings before the commission has been filed with the clerk of the supreme court, the supreme court shall hear and dispose of the matter in accordance with the laws and court rules governing appeals in civil actions."

Examining the rules governing appeals in civil cases, we find that since Chapman v. Dorsey, 230 Minn. 279, 41 N. W. (2d) 438, it

has been the rule in this state that an order either granting or denying the joinder of additional parties to an action is nonappealable. See, Fischer v. Perisian, 251 Minn. 166, 86 N. W. (2d) 737.

In the Chapman case the defendant, by means of both appeal and writ of certiorari, sought review of an order of the trial court denying the joinder of additional parties defendant. As to the appeal we held that the order was not appealable because it did not constitute a final determination of the rights of the parties upon the merits and was not decisive of any substantive or ultimate rights of the litigants.

As to the writ of certiorari we said (230 Minn. 288, 41 N. W. [2d] 443):

"* * * A writ of certiorari does not lie to review an order denying a motion for the joinder of additional parties, in that such order is intermediate in its nature, is decisive of no issue upon the merits or of any part thereof, and is subject to review upon an appeal from a final judgment on the merits."

Section 176.471 does not specifically permit review of an order joining a party, nor do any of its provisions appear to contemplate review of such an order. Thus, § 176.471, subd. 9, requires us to dispose of this proceeding "in accordance with the laws and court rules governing appeals in civil actions." Applying the rule of the Chapman case to the Industrial Commission's order granting the petition for joinder of Fireman's Fund, we must conclude that certiorari does not lie to review this order, since it is intermediate in nature, is decisive of no issue upon the merits or of any part thereof, and is subject to review by certiorari after a final determination by the commission on the merits.

Writ quashed.