STATE OF MINNESOTA

IN SUPREME COURT

A13-1868

Workers' Compensation Court of Appeals                                          Lillehaug, J.

James W. Stevens,

      Relator,

vs.                                                                                          Filed: July 30, 2014
                                                                                             Office of Appellate Courts
S.T. Services and CNA Insurance
Companies,

      Respondents.

_____

Gerald S. Weinrich, Rochester, Minnesota, for relator.

Natalie K. Lund, James R. Waldhauser, Cousineau McGuire Chartered, Minneapolis, Minnesota, for respondents.

_____

S Y L L A B U S

1.     Under Minn. Stat. § 176.238, subd. 11 (2012), an employer may not petition to discontinue an employee's workers' compensation benefits if the employee has been adjudicated permanently totally disabled.

2.     Because the relator was adjudicated permanently totally disabled, respondents were not allowed to petition under Minn. Stat. § 176.238, subd. 11, to discontinue the relator's workers' compensation benefits.

     Reversed and remanded.

1

O P I N I O N

LILLEHAUG, Justice.

Relator James W. Stevens and respondents S.T. Services and CNA Insurance Companies (collectively, S.T. Services) entered into a stipulation for settlement in 1994 under which Stevens was entitled to permanent total disability benefits as a result of injuries he sustained while working for S.T. Services roughly 10 years earlier. A compensation judge entered an award on the stipulation, and Stevens received benefits in accordance with the award for the next 17 years. After Stevens found a job as a plumbing specialist in 2008, he informed S.T. Services of the job, but continued to receive benefits. In 2011, S.T. Services petitioned the Workers' Compensation Court of Appeals (WCCA) to discontinue paying benefits, alleging that Stevens was no longer permanently totally disabled. A compensation judge granted the petition to discontinue. The WCCA affirmed. Because we conclude that S.T. Services was not allowed by statute to file a petition to discontinue benefits, we reverse and remand for dismissal of the petition.

I.

The facts are largely undisputed. Stevens began working for S.T. Services in 1977 as the manager of a liquid-storage terminal. Stevens injured both of his shoulders on the job between 1984 and 1985, and S.T. Services terminated his employment in 1986.

Stevens underwent multiple shoulder surgeries between 1985 and 1992. He sought workers' compensation benefits based on his shoulder injuries, and in 1988, a compensation judge awarded him temporary total disability benefits. In 1994, Stevens

2

and S.T. Services entered into a stipulation for settlement.[1]  The parties stipulated that Stevens

> has been permanently and totally disabled from gainful employment since the injury of September 3, 1985 and that from this point forward, [Stevens's] workers' compensation benefits shall be classified as permanent total disability benefits within the meaning of [Minn. Stat. §] 176.101, subd. 4.

A compensation judge entered an award on the stipulation, and Stevens received benefits under the award until October 2011.

Stevens moved to Alaska in 2006 or 2007 and got an Alaska plumber's license. Although he did not look for work, he gave his friends plumbing advice and regularly accompanied them to Home Depot.  A Home Depot employee approached Stevens about working there, and although Stevens said that he could not use his arms or do any lifting, Home Depot hired him as a plumbing specialist in February 2008.  Stevens's main job was advising customers, and apart from cleaning and organizing his work areas, Stevens did no manual labor.

Stevens worked close to full time at Home Depot from February 2008 to December 2010, when he left Alaska to return to Minnesota for medical treatment. Stevens has not searched for a job since his return to Minnesota.

While working at Home Depot, Stevens was paid $25 or more per hour, and he earned between $33,000 and $42,000 per year from 2008 to 2010.  During that period,

---

[1]  Before the settlement in 1994, the dispute between Stevens and S.T. Services had given rise to one published opinion of the WCCA.  *Stevens v. S.T. Servs.*, 42 Minn. Workers' Comp. Dec. 28 (WCCA), *aff'd without opinion*, 443 N.W.2d 832 (Minn. 1989).

Stevens met annually with an insurance investigator employed by S.T. Services' workers' compensation carrier, and Stevens disclosed his job at Home Depot to the investigator. S.T. Services has never alleged—and the record does not reflect—that Stevens ever engaged in any type of fraud or dishonesty in connection with his receipt of workers' compensation benefits.

In June 2011, S.T. Services filed a petition with the WCCA to discontinue paying permanent total disability benefits to Stevens. A three-judge panel of the WCCA, over one judge's dissent, referred the petition to a compensation judge for an evidentiary hearing. *Stevens v. S.T. Servs.*, 72 Minn. Workers' Comp. Dec. 569 (WCCA 2012). The dissenting judge concluded that an employer's petition to discontinue is precluded by statute when an employee has been adjudicated permanently totally disabled. *Id.* at 574-75 (Hall, J., dissenting).

After an evidentiary hearing, the compensation judge granted S.T. Services' petition to discontinue. The compensation judge concluded that Stevens was not permanently totally disabled when he worked at Home Depot in Alaska, nor was he permanently totally disabled at the time of the hearing. The compensation judge awarded S.T. Services a credit against future benefits for the benefits that it paid while Stevens worked at Home Depot, but the judge concluded that Stevens need not reimburse S.T. Services for those benefits because he had not received them in bad faith.

Stevens appealed to the WCCA, and S.T. Services cross-appealed on the issue of whether Stevens owed it reimbursement. The WCCA, sitting en banc, affirmed the compensation judge on all issues. *Stevens v. S.T. Servs.*, 2013 WL 5310535 (Minn.

WCCA Sept. 9, 2013). Two judges dissented, echoing the analysis in the earlier dissent. *Id.* at *6 (Hall, J., dissenting, joined by Milun, C.J.). Stevens petitioned for certiorari under Minn. Stat. § 176.471 (2012).

## II.

S.T. Services seeks to discontinue paying benefits to Stevens. Much of S.T. Services' argument focuses on whether Stevens is eligible for permanent total disability benefits given his demonstrated ability to work at a Home Depot in Alaska as a plumbing specialist. Whether Stevens would be eligible for such benefits if he filed for them today, however, is a different question from whether S.T. Services may discontinue those benefits.

S.T. Services agreed in 1994, under a stipulation for settlement that was approved by a compensation judge and whose terms were "incorporated . . . by reference" into an award on stipulation signed by the compensation judge, to pay "permanent total disability benefits" to Stevens "on an ongoing basis." Whether S.T. Services may stop paying benefits despite that award is the central question in this case. The answer turns on questions of statutory and contract interpretation that we review de novo. *See State ex rel. Humphrey v. Philip Morris USA, Inc.*, 713 N.W.2d 350, 355 (Minn. 2006).

## A.

The workers' compensation statutes provide two routes by which an employer may seek the WCCA's approval to permanently stop paying previously awarded benefits. First, an employer may petition the WCCA under Minn. Stat. § 176.461 (2012) and, if the award was under a settlement, Minn. Stat. § 176.521, subd. 3 (2012), to set the award

5

aside for cause. Second, an employer may petition to discontinue benefits under Minn. Stat. § 176.238, subd. 5 (2012).[2]

Taken together, Minn. Stat. §§ 176.461 and 176.521, subd. 3, permit an employer to petition the WCCA to set aside an award on stipulation for cause. Section 176.521, subdivision 3, provides that a party to a settlement may petition the WCCA to "set aside an award made upon a settlement, pursuant to [chapter 176]." The grounds for setting aside an award are found in section 176.461, which permits the WCCA to set aside *any* award—not just an award on stipulation—"for cause . . . upon application of either party." Section 176.461 limits "for cause" to four things:

(1)     a mutual mistake of fact;

(2)     newly discovered evidence;

(3)     fraud; or

(4)     a substantial change in medical condition since the time of the award that was clearly not anticipated and could not reasonably have been anticipated at the time of the award.

There is no dispute that S.T. Services could have petitioned the WCCA under Minn. Stat. §§ 176.461 and 176.521, subd. 3, to set aside the award that it challenges in this suit, but it did not do so. We therefore turn to the second statutory route for discontinuing previously awarded benefits.

---

[2]     Because Stevens is receiving benefits under an award on stipulation entered in 1994, the workers' compensation statutes in effect in 1994 govern S.T. Services' attempt to discontinue benefits or have the award set aside. *See Franke v. Fabcon, Inc.*, 509 N.W.2d 373, 377 (Minn. 1993). The relevant provisions of sections 176.238, 176.461, and 176.521 have not changed since 1994.

Under Minn. Stat. § 176.238, subd. 5, an employer that has been paying workers' compensation benefits "may serve on the employee and file with the commissioner a petition to discontinue compensation." But under Minn. Stat. § 176.238, subd. 11 (2012), "[t]his section shall not apply to those employees who have been adjudicated permanently totally disabled." We assume—and the parties do not argue otherwise—that when an award on stipulation provides that an employee is permanently totally disabled, the employee has been "adjudicated" permanently totally disabled for purposes of Minn. Stat. § 176.238, subd. 11.[3] Given this assumption, it follows that, under Minn. Stat. § 176.238, subd. 11, an employer may not petition under Minn. Stat. § 176.238, subd. 5, to discontinue permanent total disability benefits that an employee is receiving under an award on stipulation.

Perhaps recognizing that subdivision 11 of section 176.238 stands in the way of a petition to discontinue under subdivision 5 of section 176.238, S.T. Services said nothing in its petition about the statutory basis for its request to discontinue benefits. S.T. Services has consistently argued, however, that the petition is authorized by a line of WCCA cases starting with *Ramsey v. Frigidaire Company Freezer Products*, 58 Minn. Workers' Comp. Dec. 411 (WCCA 1998). S.T. Services first made this argument before the WCCA, in response to an order that directed S.T. Services to "file a brief . . . stating the basis upon which the [WCCA] has jurisdictional authority to grant the petition to

---

[3]   *Cf. Cook v. J. Mark, Inc.*, 51 Minn. Workers' Comp. Dec. 432, 435 (WCCA 1994) (concluding that "an award on stipulation constitutes an 'adjudication' within the meaning of" Minn. Stat. § 176.238, subd. 11).

discontinue permanent total disability benefits."[4] *Stevens v. S.T. Servs.*, No. WC11-5285, Order at 1 (Minn. WCCA Apr. 4, 2012). The WCCA (over one judge's dissent) agreed that S.T. Services' petition was authorized by *Ramsey* and referred the petition for an evidentiary hearing.[5] *Stevens*, 72 Minn. Workers' Comp. Dec. at 572-73.

Stevens asks us to reject *Ramsey* and to conclude that S.T. Services' petition must be dismissed under Minn. Stat. § 176.238, subd. 11. For the reasons that follow, we reject *Ramsey*'s reasoning—though not necessarily its result—and we agree with Stevens that S.T. Services' petition must be dismissed.

---

[4]    The parties, like the WCCA, have characterized the issue in this case as whether the WCCA has "jurisdiction" over S.T. Services' petition to discontinue benefits. In particular, Stevens frames the issue as whether "Minn. Stat. [§] 176.238 grant[s] the [WCCA] jurisdiction" to hear the petition. Although we agree with Stevens that the issue is whether the petition is permissible in light of Minn. Stat. § 176.238, the issue is not one of "jurisdiction." After all, the WCCA has "statewide jurisdiction" to "hear[] and determin[e] all questions of law and fact arising under the workers' compensation laws of the state in those cases that have been appealed to" it. Minn. Stat. § 175A.01, subd. 5 (2012). Further, there is no question that S.T. Services could have filed a petition with the WCCA to set aside the award for cause under Minn. Stat. §§ 176.461 and 176.521, subd. 3, and the WCCA would have had jurisdiction over such a petition.

[5]    We conclude, for several reasons, that Stevens may argue to this court that S.T. Services' petition to discontinue is not allowed under Minn. Stat. § 176.238, subd. 11, even though Stevens did not immediately appeal the WCCA's interlocutory order finding "jurisdiction" and referring the case for an evidentiary hearing. First, S.T. Services has never argued that Stevens lost the right to make his argument about Minn. Stat. § 176.238, subd. 11, by failing to appeal the order. Further, we held in *Hillerns v. Minnesota Hotel* that "certiorari [did] not lie" under Minn. Stat. § 176.471, subd. 1, to review an order in a workers' compensation case that was "intermediate in nature, [was] decisive of no issue upon the merits or of any part thereof, and [was] subject to review by certiorari after a final determination . . . on the merits." 271 Minn. 101, 104, 135 N.W.2d 63, 66 (1965). Equally important, as a general rule—and "consistent with our policy against piecemeal litigation"—interlocutory appeals are "permissive rather than mandatory." *Engvall v. Soo Line R.R. Co.*, 605 N.W.2d 738, 745 (Minn. 2000).

*Ramsey* involved an employee who was receiving benefits under an award entered on a stipulation for settlement. The stipulation provided that the employer would " 'pay weekly permanent total disability benefits . . . for so long as warranted.' " *Ramsey*, 58 Minn. Workers' Comp. Dec. at 412-13 (quoting the parties' stipulation). The employer petitioned to set aside the award for cause under Minn. Stat. §§ 176.461 and 176.521, subd. 3. 58 Minn. Workers' Comp. Dec. at 411, 413. The WCCA referred the petition for an evidentiary hearing on whether cause existed to set aside the award. *Id.* at 415. But the WCCA did not stop there.

Although the employer had filed a petition to set aside the award for cause, the WCCA in *Ramsey* reached out to consider whether the employer could "discontinue" the employee's benefits through some other mechanism. *Id.* at 417. The WCCA acknowledged that "when an employee has been adjudicated permanently and totally disabled, the discontinuance procedures provided in Minn. Stat. §[] 176.238 . . . are inapplicable." *Id.* Nonetheless, the WCCA said—with no citation to authority—that "[a] petition to vacate under Minn. Stat. § 176.461 is not . . . the exclusive remedy" for an employer seeking to discontinue permanent total disability benefits. *Ramsey*, 58 Minn. Workers' Comp. Dec. at 417. After observing that the underlying stipulation "explicitly provided . . . that permanent total disability benefits will continue only so long as the employee remains permanently and totally disabled," the WCCA concluded that the employer's "request to discontinue permanent total disability benefits" should be referred for an evidentiary hearing "on the issue of whether the employee is totally disabled." *Id.* at 418.

*Ramsey* created what appears to be a freestanding, extra-statutory procedure for employers to petition to discontinue permanent total disability benefits. The WCCA has described the *Ramsey* procedure as "a procedure to discontinue permanent total disability benefits *separate from the statutes* permitting a vacation of an award on stipulation." *Ruby v. Mueller Pipelines*, 69 Minn. Workers' Comp. Dec. 453, 457 (WCCA 2009) (emphasis added); *see also Stevens*, 72 Minn. Workers' Comp. Dec. at 575 (Hall, J., dissenting) (describing the *Ramsey* procedure as an "extra-legislative creation"); *Haberle v. Erickson Mills, Inc.*, 58 Minn. Workers' Comp. Dec. 478, 483-84 (WCCA 1998) (following *Ramsey*).

To the extent that *Ramsey* purported to create an extra-statutory procedure for a petition to discontinue benefits, we reject *Ramsey*.[6] Likewise, to the extent that *Ramsey* purported to authorize a petition to discontinue under subdivision 5 of section 176.238 by creating an extra-statutory exception to subdivision 11 of section 176.238, we reject *Ramsey*. The workers' compensation system "is a purely legislative creation." *Falls v. Coca Cola Enters., Inc.*, 726 N.W.2d 96, 102 (Minn. 2007). The Legislature has expressly provided in subdivision 11 of section 176.238 that an employer may not

---

[6] S.T. Services suggests that we effectively endorsed *Ramsey* in *Frandsen v. Ford Motor Co.*, 801 N.W.2d 177 (Minn. 2011), because we decided *Frandsen* on the merits even though it involved a petition to discontinue the benefits of an employee who had been adjudicated permanently totally disabled under an award on stipulation. The suggestion is inaccurate. We held in *Frandsen* that an employer was entitled, based on the retirement presumption in Minn. Stat. § 176.101, subd. 4 (2012)—which is not at issue here—to stop paying benefits when the employee turned 67 "without taking any action" beforehand. *Frandsen*, 801 N.W.2d at 182. We did not consider whether the employer's petition was prohibited by Minn. Stat. § 176.238, subd. 11, because neither party raised that issue.

petition under subdivision 5 of section 176.238 to discontinue benefits to an employee who has been adjudicated permanently totally disabled. The WCCA cannot amend the workers' compensation statutes by judicial decision to create an avenue of review that the Legislature has expressly eliminated. *See Laase v. 2007 Chevrolet Tahoe*, 776 N.W.2d 431, 438 (Minn. 2009) (observing that a court cannot "rewrite a statute under the guise of statutory interpretation").

This is not to say that *Ramsey*'s result was necessarily incorrect. By its terms, subdivision 11 of section 176.238 applies only when an employee has been "adjudicated *permanently* totally disabled." (Emphasis added.) Arguably, the parties in *Ramsey* did not stipulate that the employee was permanently totally disabled. If they did not so stipulate, then *Ramsey* is consistent with our recognition in *Robinson v. Minnesota Valley Improvement Co.* of the existence of a particular type of award on stipulation—an "open award" by settlement—that can be modified by a notice or petition to discontinue benefits. 401 N.W.2d 68, 72 (Minn. 1987).

In *Robinson*, the parties had stipulated that the employee would " 'receive ongoing total disability benefits . . . so long as the employee's disability shall warrant,' " and a compensation judge entered an award on the stipulation. *Id.* at 70-71 (quoting the parties' stipulation). The employer subsequently filed a notice to discontinue benefits under the statutory predecessor to Minn. Stat. § 176.238. *Robinson*, 401 N.W.2d at 71. The WCCA denied the petition, holding that because the parties' stipulation was "an admission of permanent total disability," *id.*, the employer should have petitioned to

11

vacate the award for cause under Minn. Stat. §§ 176.461 and 176.521, subd. 3, rather than filing a notice to discontinue benefits.

We reversed the WCCA, reasoning that "the stipulation was not an admission by [the employer] that [the] employee was permanently and totally disabled." *Robinson*, 401 N.W.2d at 72. We pointed out that "[t]he approved stipulation itself contemplated" that the issue of the employee's ongoing disability "would arise," *id.*, and that the employer had agreed to pay benefits that were "neither permanent nor temporary," *id.* at 71. Accordingly, we said that the workers' compensation division had "[c]ontinuing jurisdiction" over the award on stipulation because the award "lack[ed] finality," and we concluded that the employer had properly filed a notice to discontinue benefits "being paid pursuant to an 'open award' such as the award under the stipulation in this case." *Id.* at 72.

Two salient features of the stipulation at issue in *Robinson* supported our conclusion that the award on stipulation lacked finality: (1) the stipulation entitled the employee to "ongoing total disability benefits," *id.* at 70-71, not ongoing *permanent* total disability benefits, and (2) the stipulation entitled the employee to benefits "so long as the employee's disability shall warrant," *id.* The stipulation in *Ramsey* shared the second feature, though not the first. That is, the stipulation in *Ramsey* provided for the payment of benefits only "so long as warranted," but the stipulation also provided for the payment of "*permanent* total disability benefits." *Ramsey*, 58 Minn. Workers' Comp. Dec. at 412-13 (emphasis added).

12

An agreement that benefits will continue only "so long as warranted" is antithetical to an agreement that benefits are "permanent." Accordingly, it is at least arguable that the award at issue in *Ramsey* was an "open award" of the type we recognized in *Robinson*. If so, then the employer was permitted to file a petition to discontinue under Minn. Stat. § 176.238, because the employee had not been "adjudicated permanently totally disabled," Minn. Stat. § 176.238, subd. 11.

We do not decide whether the specific language in the stipulation in *Ramsey* would authorize a petition to discontinue under the analysis in *Robinson*, because that language is not before us. We do, however, hold—in accordance with *Robinson* and Minn. Stat. § 176.238, subd. 11—that an employer may petition under Minn. Stat. § 176.238, subd. 5, to discontinue an employee's benefits only if the employee has not been adjudicated permanently totally disabled.

B.

Turning to the stipulation underlying the award in this case, we conclude that the parties agreed in the stipulation that Stevens was permanently totally disabled. Accordingly, given that the parties do not dispute that an award on stipulation is an adjudication, S.T. Services' petition to discontinue is foreclosed by Minn. Stat. § 176.238, subd. 11, because Stevens has been "adjudicated permanently totally disabled," *id.*

The stipulation for settlement between Stevens and S.T. Services provides in relevant part:

> [A]ll parties stipulate and agree that [Stevens] has been *permanently and totally disabled* from gainful employment since the injury of September 3,

13

> 1985 and that *from this point forward,* [Stevens's] workers' compensation benefits shall be classified as *permanent total disability benefits* within the meaning of [Minn. Stat. §] 176.101, subd. 4. . . . [Stevens] shall continue to receive *permanent total disability benefits on an ongoing basis* subject to the terms and conditions of Chapter 176 in conjunction with [Stevens's] injuries as previously described herein which occurred on or about June 30, 1984 and September 3, 1985 with both injuries contributing to [Stevens's] *permanent total disability status* pursuant to [Minn. Stat. §] 176.101, subd. 4.

(Emphasis added.) The stipulation also provides that Stevens had "reached maximum medical improvement." The stipulation's language leaves no doubt that the parties agreed that Stevens was permanently totally disabled and fully intended that the stipulation would finally resolve their dispute. In arguing to the contrary, S.T. Services relies on the stipulation's reference to the definition of disability benefits under Minn. Stat. § 176.101, subd. 4 (1994). S.T. Services points out that under Minn. Stat. § 176.101, subd. 4, permanent total disability benefits are payable only "during the permanent total disability of the injured employee." According to S.T. Services, by referring to Minn. Stat. § 176.101, subd. 4, in the stipulation, the parties agreed that if Stevens ceased to be permanently totally disabled, S.T. Services would be permitted to petition to discontinue his benefits. S.T. Services' argument is incorrect.

The parties agreed that benefits would be paid "subject to the terms and conditions of Chapter 176"—meaning *all* of Chapter 176. And Chapter 176 includes Minn. Stat. § 176.238, subd. 11, which does not permit an employer to petition to discontinue the benefits of an employee who has been adjudicated permanently totally disabled.

Further, in agreeing to pay permanent total disability benefits in accordance with Chapter 176, S.T. Services did not agree to pay those benefits without *any* regard for

14

whether Stevens remained permanently totally disabled. Specifically, if Stevens ceases to be permanently totally disabled because of "a substantial change in medical condition since the time of the award that was clearly not anticipated and could not reasonably have been anticipated at the time of the award," then S.T. Services can seek to have the award set aside for cause under Minn. Stat. § 176.461 and Minn. Stat. § 176.521, subd. 3.

Finally, the language on which S.T. Services relies is very different from both the language that the WCCA relied on in *Ramsey* and the language that this court held in *Robinson* created an "open award." In *Ramsey*, the parties had agreed that the employer would pay " 'weekly permanent total disability benefits . . . *for so long as warranted.*' " 58 Minn. Workers' Comp. Dec. at 412-13 (quoting the parties' stipulation) (emphasis added). In *Robinson*, the parties had stipulated that the employee would " 'receive ongoing total disability benefits . . . *so long as the employee's disability shall warrant.*' " 401 N.W.2d at 70 (quoting the parties' stipulation) (emphasis added). The settlement agreement in this case contains no similar provision that benefits will be paid only as long as warranted.

In short, under the stipulation for settlement in this case, the parties agreed that Stevens was permanently totally disabled and would receive ongoing permanent total disability benefits. S.T. Services is not authorized to petition to discontinue such benefits. Accordingly, we reverse the decision of the WCCA, and we remand with instructions that S.T. Services' petition to discontinue be dismissed.

Reversed and remanded.